SAMUEL P. CALDWELL, Ex'r. *v.* R. J. BEATTY.

A writ of *recordari* is sometimes used as a writ of *false judgment* to bring up a case in order to review an alleged error in law, and it is sometimes used as a substitute for an appeal, in which case the whole matter is tried *de novo* in the higher Court.

*Arguendo.* Where the error alleged is a defect of jurisdiction such error may be corrected upon a writ of *recordari*, used as a writ of false judgment, although the party may have neglected to avail himself of the right of appeal.

A party has a right to ;" split up " his account so as to include a certain number of items under one warrant and a certain number under another, and so on,. so as to bring the several warrants under the jurisdiction of a Justice of the Peace.

The question whether a certain account is over the jurisdiction of a Justice of the Peace is a question of law to be decided by the Court, the amount of the account being a question of fact for the jury to decide.

The alleged fraudulent conduct of a defendant and an attorney employed by the plaintiff cannot be inquired into upon a writ of false judgment.

(*Israil* v. *Ivy*, Phil. 551; *Waldo* v. *Jolly*, 4 Jones, 173; *Green* v. *Calddeugh*, 1 Dev. & Bat. 320; *Pearson* v. *State Bank*, 4 Hawks, 294; *Smith* v. *Bowe*, N. C. Term,. Rep. 200; *Buie* v. *Kelly*, 7 Jones, 266, cited and approved.)

PETITION for a *recordari* heard at the Spring Term, 1873, of GASTON Superior Court, before *Logan, J.*

In his petition the plaintiff, as executor of S. L. Caldwell, deceased, states that the defendant in May, 1870, instituted before a Justice of the Peace five actions against him, based upon one account running through the years 1861–'62–'63–'64 and '65, amounting in the aggregate to $498, upon which he obtained judgment for $429 ; that the judgments therein rendered were based upon one continuous account purposely divided to confer jurisdiction on the Justice of the Peace. It is further stated by plaintiff that no service of summons was made on him nor was such service acknowledged by him, or by any one having authority to do so, and that his interest was not represented ; that one C. E. Grier had been some time before authorized by him in writing to represent him in the prosecution and defense of all civil actions which might arise in the ordinary discharge of his said trust, but with no power or authority either to accept service of legal process or to confess judgment thereon ; that Grier was present at the trial of defendant's warrants and made no defense by answer, demurrer or plea, but allowed judgment to be entered up absolutely against the plaintiff, although he (Grier) at the time had in his possession a counter claim against the defendant in favor of plaintiff's testator for $272.50, besides being aware of the fact that the assets of the estate had been exhausted and that there were outstanding debts of higher dignity. Plaintiff further stated that he had been informed that Grier was counsel for defendant which information he believes to be correct.

On the 15th November, 1872, Judge LOGAN ordered writs of *recordari* and *supersedias* to issue, and upon the return of the writ, the defendant answered, denying the main allegations in the petition, and alleging that the plaintiff at the trial alluded to was fully represented by Grier, who had full authority in the premises, and that the proceedings were

regular and legal. That Grier intentionally permitted defendant to obtain judgments for the purpose of giving him preference over a certain claim, known as the "Gingle debt," that this was done with the full knowledge and authority of the plaintiff himself. The petition and answer were each supported by affidavits, which, not being pertinent to the point decided, and upon which judgment below was rendered, need not be set out.

His Honor held that the account of defendant againt the plaintiff's testator, exceeded the sum of which a Justice of the Peace had jurisdiction, therefore, the Justice had no right to render the judgments against the plaintiff. On motion of plaintiff's counsel, the Court declared the said judgmets null and void, and that the same be vacated, and further ordered a *superdeas* to issue, &c.

From this judgment defendant appealed.

*Schenck,* for appellant, submitted.

His Honor, Judge LOGAN, treated the *recordari* in this case as a writ of false judgment simply, and the various allegations of fraud are not now before the Court, as the Judge did not pass on them in rendering his judgment. *Collins* v. *Gilbert,* 65 N. C. Rep. 135.

The defendant insists that a writ in the nature of false judgment simply does not lie where the right of appeal is given. That the appeal is given by statute as a substitute for these remedial writs of *recordari* and *certiorari,* which are governed by the sames rules. At common law all cases were carried to a higher Court by one or the other of these writs, and they are only used now when there is no appeal given, or where it has been lost by the fraud of the other party, or by accident. *State* v. *Bailey,* 65 N. C. Rep. 426.

The following authorities are relied on : *Webb* v. *Durham,* 7 Ired. 130; RUFFIN, C. J. calls attention, page 133, to the fact "no appeal is allowed in the case," being under the statute of Forcible Trespass, and says *Parker* v. *Galnette* was

sustained because garnishee could not have a new trial by appeal. *Satchwell* v. *Respass*, 10 Ired. 365; NASH, J., says the writ lies " where proceedings are not according to the course of common law and *no appeal* is given." *Baker* v. *Halstead*, Busb. 41, NASH, C. J., " when *the right of appeal* is not given the writ is used to correct errors of law." *Elliott* v. *Jordan*, Ibid. 299, where it is cited and approved. *State* v. *Bill*, 13 Ired. 375, " where the right of appeal is not allowed, defendant is entitled to have it revised on points of law." *Brooks* v. *Morgan*, 5 Ired. 481. We are aware that there are conflicting opinions in *Hartsfield* v. *Jones*, 4 Jones 311, and perhaps other cases, but " the reason of the thing" is against the right to use a *recordari* as a writ of false judgment, where the statutes gives a full and adequate remedy by appeal. So far as the case shows the appeal was not lost by fraud or accident, and plaintiff has only insisted on the writ to correct an error of law, when he did not see proper to appeal.

The question is presented thus : Judgment is given against plaintiff before a magistrate; no appeal is prayed ; two years after, when other creditors press him to get preference he sues out this writ to correct an error of law, and to have the judgment declared void, which was done—can he thus trifle with even a magistrate's judgment? *Baker* v. *Halstead*, Busb. 41.

2. If the Court is of the opinion that the writ lies in the nature of a writ of false judgment, we say that the Justice's judgment is fully sustained by the case of *Waldo* v. *Jolly*, 4 Jones, 173, where the Court says the plaintiff may divide his account, and the only disadvantage for him is that the statute may run sooner against him than if he sued on all the account.

It was the duty of the petitioner to assign his errors, and the Court had no right to treat the petition as in the nature of a writ of false judgment.

*Bynum* and *Guion,* contra:

1. As to jurisdiction, see Constitution, art. 4, sec. 33; *Moore* v. *Thompson,* Busb. 221; *Ramseur* v. *Barrett,* 5 Jones 409; *Waldo* v. *Jolly,* 4 Jones 173, 174; *Beatty* v. *Caldwell,* 67 N. C. Rep. 42. Jurisdiction cannot be conferred by consent. *Leach* v. *W. N. C. R. R. Co.,* Ibid. 486.

2. When *recordari* will be granted; *Critcher* v. *McCadden,* 64 N. C. Rep. 262. Practice therein; *Collins* v. *Gilbert,* 65 N. C. Rep. 135; *Swain* v. *Smith,* Ibid. 211, 338. When there is a defect of jurisdiction, no matter how it appears, the Court will stay proceedings in the cause. *Israel* v. *Ivy,* Phil. L. 551, 552.

3. The fiduciary relations of *attorney and client,* guardian and ward, &c., are sufficient under our present judiciary system to raise a presumption of fraud as *a matter of law,* &c., unless rebutted. *Lee et al.* v. *Pearce and wife,* 68 N. C. Rep. 76. There held that the Court, as a Court of Equity as well as law, will give relief as such.

4. The proofs raise several issues, but only one is found by the Judge, and he thereupon vacates the judgment.

If enough appears in the case to justify the vacating order, it is immaterial whether the Judge granted it upon the right or wrong finding.

Sec. 118, C. C. P.: What is meant by an account? All *the items* to be furnished.

Sec. 499. Where the sum demanded exceeds $200, the Justice shall dismiss the action, &c., unless the plaintiff shall remit the excess above $200, and shall at the time of filing his complaint direct the Justice to make this entry. "The plaintiff in this action forgives and remits to the defendant all interest, and so much of the principal of this claim as is in excess of the two hundred dollars."

In *Marshall* v. *Fisher,* 1 Jones 117. Jury found question

of law correctly. If so, same as if the Court had found it so, and no ground for *venire de novo*.

*Hobbs* v. *Outlaw*, 6 Jones 177. Evidence admitted correctly, but upon improper ground, new trial refused.

*Mordecai* v. *Parker*, 3 Dev. 427. " For though, the Court erred as to the rule of damages—a verdict for the defendant would have stood, because the record shows that upon another trial, the defendant must have a verdict. This action cannot be maintained for any purpose."

PEARSON, C. J. A writ of *recordari* is sometimes used as a writ of false judgment to bring up a case in order to review an alleged error in law, and it is sometimes used as a substitute for an appeal in which case the whole matter is tried *de novo* in the higher Court.

Whether a writ of *recordari* as a writ of false judgment can be resorted to in cases where by law an appeal is given, and the party has failed to appeal, is a question which it is not necessary to decide, but we are inclined to the opinion, that when that error alleged is a defect of juristiction, such error may be corrected upon writ of *recordari* used as a writ of false judgment, although the party may have neglected to avail himself of the right to appeal. *Israel* v. *Ivey*, Phillips 551.

We are of opinion that there was no defect of jurisdiction, and that Beatty was well entitled to "split up" his account in the words of the case, so as to include a certain number of items under one warrant, and a certain number of items under another warrant and so on, so as to bring the several warrants within the jurisdiction of a Justice of the Peace This is called a "running account," from the manner in which the items are set out in the book of Beatty, each item is entered and was in fact a distinct dealing, so that Beatty might, if so inclined have warranted Caldwell for the amount of each item the day after the article was sold and

delivered; in other words the legal effect was the same as if Caldwell had given his due bill to Beatty for each item at the delivery of the article. *Waldo* v. *Jolly*, 4 Jones 173. After some hesitation it was held that when one has two promissory notes, both under the jurisdiction of the Court, and within the jurisdicton of a single justice, he might bring the case within the jurisdiction of the Court by issuing a writ and declaring for the *joint* amount of the two notes. *McCastin* v. *Irwin*, 4 Dev. 43. It is beyond question that he might have had a warrant upon each note before a Justice of the Peace, so if there be ten notes or one hundred notes, or as in our case two hundred distinct dealings, each constituting a distinct cause of action for the sale and delivery of goods. It was said on the argument, this would be extremely inconvenient to the defendant, and impose on him great hardship by an unecessary accumulation of costs. True, it would be very inconvenient not only to the debtor, but to the creditor, and for this reason there are but few cases in which such a course has been taken still, such is the law, and to avoid the hardship, the creditor is permitted to join several items in one warrant, but he cannot thereby escape the statute of limitations, which is applied to each item as if sued on by itself. *Green* v. *Caldcleugh*, 1 Dev. & Bat. 320, and to discourage a multiplicity of action, the Court will under certain circumstances direct a consolidation. When a plaintiff sued out twenty-one warrants on as many bank notes, amounting in all to one hundred and four dollars, he was compelled to consolidate. *Pierson* v. *State Bank*, 4 Hawks 295; see also, *Smith* v. *Bowe*, N. C. Term Rep. 200; *Buie* v. *Kelly*, 7 Jones 266.

It is nowhere intimated that the principle stated in *Waldo* v. *Jolly* supra, is not sound. The right to maintain separate actions on each item or any number of the items is conceded and the Court interferes and orders consolidation simply to prevent *useless* vexation; but here there is no idea

of vexation, and it is apparent that the sole motive for having five warrants is to keep within the jurisdiction of the Justice of the Peace; had he sued out two hundred warrants (one on each item) there would have been no defect of jurisdiction; he elects to include all under five warrants to avoid a rule for consolidation. We can see no ground upon which it can be seriously urged that he was obliged to treat the whole as one debt and sue in the Superior Court. So the main ground on which the application for the writ of *recordari* was made is untenable. His Honor was under a misapprehension, in supposing that whether Beatty's account was over the jurisdictlon of a Justice of the Peace or not, is a question of *fact* and not a question of law; the question of fact was as to the amount of the account and of how many items it was composed; as to that there was no controversy. His Honor erred in regard to the question of law and his decision is of course subject to review, although it is treated by him as a matter of fact.

In regard to the alleged fraudulent conduct of Beatty and Grier, attorney of Caldwell, we are at a loss to see how that can be reached by a writ of *recordari,* used as a writ of false judgment. What error in law did the Justice of the Peace commit? Here was a warrant within his jurisdiction as we have seen above, the attorney of the defendant was present and did not dispute the items, but on the contrary, after entering a credit admitted the several amounts claimed to to be due; what could the Justice of the Peace do, save to enter judgment for plaintiff? and what can be brought up for review by this mode of proceeding?

Under the old system this would have been a case for a bill in equity, to have the judgments set aside and a new trial by consent of the plaintiff on the ground of fraud; or possibly it may have been reached by a writ of error for matter of law, in which case the application would be made to the Justice to vacate the judgments on the ground that they

had been obtained by fraud. But a writ of false judgment only lies when the Justice himself has committed an error of law.

Whether the remedy under the new system is by action in the Superior Court to compel the party to consent to have his judgments vacated and a new trial had, as formerly under a bill in equity or by an application to the Justice of the Peace, are questions about which we express no opinion; for really we have not formed one, but we are all clearly of opinion that the alleged fraudulent conduct of Beatty, and Grier, the attorney of Caldwell, cannot be inquired into upon a writ of false judgment.

There is error. Judgment below reversed.

This will be certified.

PER CURIAM.                    Judgment reversed.