T. J. MAGRUDER & CO. v. W. H. RANDOLPH & CO.

*Practice--Jurisdiction--Splitting Accounts.*

1. A creditor cannot " split up " an account so as to give a Justice of the Peace jurisdiction, when the dealing between himself and the debtor was continuous, and nothing appears on the face of it, or in the account rendered, indicating that either party intended that each item should constitute a separate transaction.

2. An account for a bill of goods purchased on one day is to be taken as one entire transaction, in the absence of evidence of a contrary intention between the parties.

(*Waldo* v. *Jolly*, 4 Jones, 173 ; *Caldwell* v. *Beatty*, 69 N. C. 365, cited, distinguished and approved.)

APPEAL from a Justice's Court heard at Spring Term, 1877, of HALIFAX Superior Court, before *Buxton, J.*

The plaintiffs are wholesale dealers and manufacturers of boots and shoes in the City of Baltimore. The defendants are merchants in Halifax County, and bought a bill of goods of plaintiffs amounting to $526.25 on four months' time, said bill as rendered being composed of twenty items. Upon default of payment, the plaintiffs " split up " the account, (but not the items thereof,) and instituted actions before a Justice of the Peace for the recovery of the various amounts. The defendants admitted the debt, but insisted that the Justice had no jurisdiction because the account was one con-

tinuous transaction, and made at one time. The plaintiffs replied that each item was a separate transaction, and although on the same day, the dealings did not take place at the same time. His Honor being of opinion with the defendants, dismissed the case and the plaintiffs appealed

*Messrs. Conigland & Burton,* for plaintiffs.
*Messrs. Mullen & Moore,* for defendants.

FAIRCLOTH, J. One of the defendants went into the plaintiffs' store and purchased goods, going through the building from floor to floor, selecting and agreeing on the price of each item as he went, for example, "26 pair of men's brogans, $1.75 per pair, $45.50" and so on through the whole purchase.

He went through the building continuously, not leaving it until his purchases were completed, and not until the bill was made and furnished to him, consisting of twenty items similar to the one above given, aggregating $526.25. The bill was marked "Terms, 4 months, interest charged after maturity."

After maturity and non-payment, the plaintiffs divided said account into three parts, taking the first ten items aggregating $196.80, as one part, on which the present action was commenced before a Justice of the Peace, and the defendants deny the jurisdiction of the Justice.

When an account consists of divers and separate dealings, and at different times, or is a running account from year to year, either for goods sold, work done or materials furnished, it is well settled that the creditors may "split it up" and proceed on each separate item before a Justice. This was the class of cases considered in *Waldo* v. *Jolly,* 4 Jones, 173; *Caldwell* v. *Beatty,* 69 N. C. 365, and other similar cases. But we think the case before us is not embraced by the principle of those cases.

Here the dealing was *continuous* and nothing appears on the face of it, or in the account rendered, indicating that either party *intended* that each item should constitute a separate transaction and cause of action which could have been easily done, and we are to presume would have been done, if so intended. Suppose the parties at the time of purchase had divided the account as the plaintiffs have now done, and promissory notes had been given for each part, maturing at two, four and six months respectively; no one would doubt that they intended three separate causes of action, and that it would be so decided. And suppose on the contrary that one promissory note had been given for the aggregate sum, $526.35, on four months time with interest after maturity; would this differ from the account rendered with an express oral promise to pay it, except in the kind of evidence of the *debt* and of the promise to pay? Again, suppose the time occupied in making the purchase was one hour and the defendants relied upon the statute of limitations, and upon a minute examination the fact should be disclosed that three years immediately preceding the precise moment when the summons issued would include the latter part of the account and exclude the first part; or suppose the plaintiffs had brought suit for the aggregate amount in the Superior Court and had insisted that the first item became due one hour before the last and claimed interest on it accordingly, and so on with the other items. It is very clear that the Court would not entertain such propositions, and yet we do not see how it could avoid doing so, if each item is a distinct cause of action contracted at different times, on the well understood principle that one portion of an open account may be barred by the statute, whilst the other is not.

The law does not allow fractions of a day, except to guard against injustice, and for the purpose of determining the actual priority of conflicting rights which have accrued on

the same day.  In controversies among creditors, it will regard the particular time when a Sheriff levies on personal property, and when a mortgage deed is registered; also when under our present system a judgment is docketed, and the like.

Our conclusion therefore is, that in the absence of evidence of a contrary intention between the parties, the purchase was one entire transaction.

There is no error.

PER CURIAM.                    Judgment affirmed.