JARRETT & DEAL v. W. R. SELF.

*Contract—Splitting up Account—Jurisdiction.*

1. Where a *single* contract is made for furnishing certain specified articles, at prices fixed for each, the plaintiff can not be allowed to "split up" the account and recover upon each item separately.

2. If there are several payments due under one and the same contract at the time a suit is brought to recover one installment, a judgment for the amount of the latter will be held to be in satisfaction of the whole, as all the . ·ms, being due, could have been included in the action. But it is con. : ·nt for the plaintiff to sue and recover upon each as it falls due, and in the court having jurisdiction of the same.

3. Where the plaintiff "split up" his account, due under a single contract cognizable in the superior court, and brought actions before a justice of the peace, it was held upon appeal that the superior court did not acquire jurisdiction of the whole amount by consolidating the cases into one action. The appellate jurisdiction is derived solely from the rightful one assumed by the court below.

(*Caldwell* v. *Beatty*, 69 N. C., 365; *Boyle* v. *Robbins*, 71 N. C., 130; *Magruder* v. *Randolph*, 77 N. C., 79, cited, commented on and approved).

CIVIL ACTION tried at Fall Term, 1883, of CATAWBA Superior Court, before *Graves, J.*

The plaintiffs appealed.

*Mr. M. L. McCorkle*, for plaintiffs.
No counsel for defendant.

SMITH, C. J.   The defendant about to erect a house entered into an agreement with the plaintiffs, who are house carpenters, by which the latter agreed to construct window-frames, shutters, doors and other articles used in the building, and to do other specified work thereon at prices fixed for each, and to be paid for as they were respectively completed.   When the contract had been performed there was found to be due the plaintiffs the sum of $241.14, and thereupon the plaintiffs, on December

13, 1882, filed an itemized statement of their account in the office of the superior court clerk, in order to perfect and secure the laborer's lien on the house, in pursuance of the directions of the statute. THE CODE, § 1784.

In order to a more speedy collection of the claim and enforcement of the lien, the plaintiffs separated the charges, which constituted the claim, into two accounts, one embracing items to the amount of $166.33 and the other items to the amount of the residue of the entire claim, and on January 17, 1883, commenced actions before a justice of the peace for the recovery of each as a distinct and independent demand, and on the trial recovered judgment in both actions, from which the defendant appealed.

In the superior court the actions were consolidated without prejudice to the question of jurisdiction, and tried.

The court being of opinion that, inasmuch as after completing the contract the plaintiffs had filed the whole account in the mode prescribed for claims beyond a justice's jurisdiction, they had elected to treat it as *one debt*, and it was now severable without the defendant's assent, so as to bring the parts within that jurisdiction, the action was accordingly dismissed, and from this judgment the plaintiffs appeal.

The cases heretofore decided in this court and cited in the argument for appellants, *Caldwell* v. *Beatty*, 69 N. C., 365; *Boyle* v. *Robbins*, 71 N. C., 130, and the later case not referred to, *Magruder* v. *Randolph*, 77 N. C., 79, establish the general proposition that a series of separate charges, for goods sold and delivered or labor performed, each the subject of a distinct contract, though associated and put in one account, may be divided and severally sued for in the proper jurisdiction for each, or they may be united so as to form an aggregate single indebtedness belonging to a different jurisdiction. This follows from the fact that there is a succession of contracts applicable to a succession of items in the series which make up the amount as a whole. If, however, several articles are bought at one time, so as to constitute a single understood transaction and be embraced in one con-

tract, notwithstanding each has its own fixed price, they are not separable so as to admit of separate actions.

In the case last mentioned, the defendant went through the rooms of the plaintiff's store in search of the various goods he wished to purchase, selecting and setting aside such as he wanted, with the prices made known at the time, until his bill exceeded the sum of five hundred dollars. His account was so made out and rendered with a statement of the credit allowed upon the bill. The court held that there was a single contract to pay for all the goods one sum of money, and there could be no division so as to change the jurisdiction. " Here, the dealing was continuous," in the words of the opinion, " and nothing appears on the face of it, or in the account rendered, indicating that either party intended that each item should constitute a *separate transaction and cause of action,* which could have been easily done and we are to presume would have been done, if so intended."

Again, it is plain from adjudications and upon principle that if the contract be to sell and deliver different parcels of goods, at different stated periods, each parcel to be paid for on delivery, or to pay money in future installments, the action will lie upon each failure to make payment, for each is a distinct breach of the contract, and so *toties quoties,* for the successive breaches. A case of frequent occurrence is that of a bond or note to pay a principal sum of money at a distant future period, and meanwhile to pay the semi-annual interest as it accrues. The interest is recoverable from time to time as it may become due, and one recovery is no obstruction to the recovery of interest subsequently recurring. But it is quite a different proposition to say that when all the breaches have occurred of which the contract is susceptible there can be separate suits brought for each. All that can be, must be included in one action.

The rule is thus stated by an eminent writer on the law of contracts: "If there are many parts of the contract and some have been broken, and others not yet, as if money was to be paid on the first day of every month for two years, and one year has

expired and nothing been paid, the creditor may bring his action for one or more of all the sums due, and, recovering accordingly, may, when the others fall due and are not paid, sue for them. *But if at any time he sues for a part only of the sums due, a judgment will be held to be a satisfaction of all the sums which could have been included in that action, and were due and payable by the terms of that contract,* and therefore no suit can be maintained on any of them. The reason of the rule is the prevention of unnecessary and oppressive litigation. 2 Par. Cont., 464.

" Where the action is *upon a contract,* it merges all amounts due under or arising out of the contract prior to the suit. They constitute a single indivisible demand. The plaintiff cannot be allowed to split up the various *covenants or promises contained in one contract* and to recover upon each separately." Freem. Judg., §240.

And it is said in *Bendernagle* v. *Cocks,* 19 Wend., 207, a plaintiff after one recovery may sue for " other breaches of several covenants or promises *contained in the same contract,* provided the action be brought before the subsequent breaches are committed." *Cook* v. *Wharwood,* 2 Saun., 337; *Ashford* v. *Rand,* Andrews R., 370; *Guernsey* v. *Carver,* 8 Wend., 492; *Beach* v. *Crain,* 2 Com. (N. Y.), 86; *Burritt* v. *Belfy,* 47 Conn., 323.

In the case of *The Reformed Dutch Church* v. *Brown,* 54 Barb., 191, the defendant's testator had agreed in writing to pay one hundred dollars annually for three years. After all the installments had become due, suit was brought for the first and judgment recovered. Afterwards another suit was brought for the remaining installments and it was decided that the first judgment was a bar.

In *Burritt* v. *Belfy, supra,* the action was for monthly rent which accrued prior to October 31, while a subsequent action was prosecuted to judgment before a justice, in which the previous rent might have been included, and this was relied on to defeat the other. In the opinion the court lay down this prop-

osition: "After all the payments have become due and the consideration is executed, in determining whether the cause of action is single and entire, or several, regard should be had to the obligation of the defendant under the contract at the time the action is brought. If there are several payments due under one and the same contract, they then become consolidated as one obligation on the part of the defendant and one demand on the part of the plaintiff. So that if this action was founded on the express contract, we should hold that all the payments due should be included in one action."

Accepting this as a true exposition of the law, it is manifest that a successful prosecution to final judgment of one portion of the plaintiffs' demand, where all is due, would be an impediment in the way of recovering what remains, under the plea of *res ad judica,* since the first action is deemed to embrace not only what was, but what ought to have been recovered, in the breaches of the one contract.

But as the account is made up of several distinct charges, though for infractions of the same contract, committed at different intervals in the non-payment of the money due for the several pieces of work, as they were finished, we can see no reason for refusing to entertain a suit for a separable part of the claim, if the plaintiff chose to demand and prove only such separable part at the peril of losing the other part. Certainly they are not bound to insist upon all that may be due for their work and labor. It would be otherwise if this were a single promise to pay one sum in excess of the justice's jurisdiction, notwithstanding a series of separate charges entered into and formed the consideration of the promise, as was the case of *Magruder* v. *Randolph, supra,* since a single promise is incapable of division, and must be enforced in the court having cognizance of it as an entirety.

In *Caldwell* v. *Beatty, supra,* where the account was allowed to be "split up," the reason assigned by the Chief-Justice, speaking for the court, was, that it was a "running account wherin each

item is entered and was in fact a distinct dealing, so that Beatty might, if so inclined, have warranted Caldwell for the amount of each item, the day after the article was sold and delivered; in other words, the legal effect was the same as if Caldwell had given his due-bill to Beatty for each item at the delivery of the article." The distinction which we have endeavored to point out is recognized and apparent in the rulings in this and the case of *Magruder* v. *Randolph*, *supra*, and its observance is necessary to mark the line which separates the jurisdiction of the superior court and the court of a justice of the peace. The course taken in consolidating the actions forcibly illustrates this. By being blended, the aggregate amount is sufficient to sustain the jurisdiction of the superior court, had the cause originated there, and yet by resort to the process of division, it has reached that court by a short and rapid route, and obtained precedence over other causes prosecuted in the regular and authorized way. The result is unavoidable when the causes of action are distinct and several, but it would be in effect to efface the jurisdiction boundary of the courts to permit this to be done when the claims and causes of action are one, and ought to be and are inseparable.

The consolidating does not obviate the difficulty, since the appellate acquired jurisdiction is derived solely from a rightful jurisdiction assumed and exercised by the justice previous to the appeal, and in this case the order was made without prejudice to the question.

The judgment below is erroneous and a new trial awarded, upon which the plaintiffs may take such course as they may be advised in the further prosecution or disposition of the cause. Let this be certified.

Error. 					*Venire de novo.*