A. H. KEARNS v. CHAS. L. HEITMAN.

*Justice of the Peace—Jurisdiction—Splitting up a Cause of Action—Money had and Received.*

1. Where money was collected by one of two joint owners of several *notes*, the other owner cannot bring separate actions for his half of each note collected so as to give a Justice of the Peace jurisdiction—the action, being for money had and received, must be for the *aggregate* amount so collected and due him.

2. An action might have been maintained for the half of *each note* as it was collected, but when *all* were paid, the plaintiff became entitled to half of the "*gross sum*" paid, and, as that exceeded two hundred dollars, a Justice of the Peace had no jurisdiction.

CIVIL ACTION, tried before *Merrimon, J.*, at September Term, 1889, of IREDELL Superior Court, upon appeal from a Justice of the Peace.

The defendant owned divers promissory notes aggregating a large sum, and sold and assigned a one-half interest in each of them to J. W. Finch, and the latter afterwards, for value, sold his interest in certain of them to the plaintiff.

The defendant afterwards, and before the bringing of the action, collected the notes wherein the plaintiff had a one-half interest, and the plaintiff's share of the money so collected was largely in excess of $200.

The plaintiff brought this action in the Court of a Justice of the Peace, to recover from the defendant a part of his share of the money so collected by him, believing and contending, that he had the right to divide his demand into four several parts, each for a sum less than $200, and thus give the Court of a Justice of the Peace jurisdiction, in as much as each of the notes so collected was for a sum less than $200 and within such jurisdiction.

The defendant insisted by his answer and on the trial, that the plaintiff's demand was for a gross sum of money much

greater than $200, and he could not divide the same into four parts so as to give the Court of a Justice of the Peace jurisdiction of each part, and moved to dismiss the action. The Court denied this motion, and gave judgment in favor of the plaintiff for $179.54, and for costs. The defendant having excepted, appealed to this Court.

*Mr. M. H. Pinnix*, for the plaintiff.
*Mr. F. C. Robbins*, for the defendant.

MERRIMON, C. J.—after stating the facts: As soon as the principal defendant collected any one, or any part of one, or all, of the promissory notes in which the plaintiff had a half interest, one-half of the money as such, so collected, became that of the plaintiff, and the law at once implied a promise or obligation of the defendant to pay the same to the plaintiff, and this, apart from, independent of, and without regard to, the note or notes collected, or any contract in respect to them. All the money so in the hands of the defendant at any time—not parts of it, as item one from one source, and item two from another source, and so on, but as a whole— belonged to the plaintiff, and his demand against the defendant was not for part, but for the whole of it. The defendant, having the money, was chargeable with it as a whole, as money had and received to the plaintiff's use, and a single action, not two or severally in favor of the plaintiff to recover it.

It is not the purpose of the present action to recover one-half of a promissory note within the jurisdiction of the Court of a Justice of the Peace—it is not to recover money due by contract to pay a particular sum, or to recover the price of goods or other things sold on a particular, distinct occasion, or time, but it is to recover money of the plaintiff in the hands of the defendant, as to which the law implies a promise or liability of the latter to pay the former, not in parts, but

the whole thereof that he may have at any one time, no matter from what source it arose or came, or whether the sources be few or many.

This case is unlike *Caldwell* v. *Beatty*, 69, N. C. 365, and *Boyle* v. *Robbins*, 71 N. C., 130. These cases rest upon the ground that a series of separate charges for goods sold and delivered at different times, or labor performed at different times, may each be a separate cause of action and the subject of a distinct action, though all embraced in the same account, the reason assigned being that there is a succession of several distinct contracts as to each item of charge.

This is a case wherein the law implied and raised the promise and liability on the part of the defendant to pay to the plaintiff any sum of money he received for him at once on receiving it, and the latter might then have brought his action for the same, certainly, upon demand and refusal to pay, but if he· delayed to do so until the defendant received other moneys for him, then the implied liability was enlarged; it attached at once to the further sums of money so received, not as a separate and distinct liability, but as one liability for the whole sum of money in his hands. The law does not unnecessarily imply, nor will ti give, a multiplicity of causes of action and distinct actions to enforce the same. It is thorough in its purposes and operations to establish, secure and administer rights, but it avoids and eschews, as far as practicable, whatever is unnecessary, redundant and vexatious, however and whenever the demand for such thing may arise.

As to when the several and distinct actions·may be maintained, and when not, for distinct items of charge, made at several times and embraced in the same account, see the cases cited, *supra*, *Magruder* v. *Randolph*, 77 N. C., 79; *Jarrett* v. *Self*, 90 N. C., 478; *Moore* v. *Nowell*, 94 N. C., 208.

The evidence of the plaintiff produced on the trial, accepted as true, proved that the plaintiff's cause of action,

not severable, was greater than $200, exclusive of interest, and, therefore, was not within the jurisdiction of a Justice of the Peace, and the Court should, on that account, have granted the motion of the defendant to dismiss the action.

The judgment must be set aside and the action dismissed.

Error.