C. C. CLARK, JR. v. THE DELOACH MILLS MANUFACTURING COMPANY.

*Appeal—Notice—Process, service of—Judgment, vacating.*

1. The notice of appeal from a Justice of the Peace, when the notice is not given on the trial, must be served by an officer.

2. The remedy against a judgment by default because of insufficient service of process is either by a special appearance and motion to vacate, or, in some cases, by *recordari*. The party seeking the relief cannot enter a special appearance for the purpose only of taking an appeal, and thereupon have the regularity of service determined.

ATTACHMENT proceedings, heard (upon appeal from a Justice of the Peace) at Fall Term, 1891, of CRAVEN Superior Court, before *Bryan, J.*

The plaintiffs moved before his Honor to dismiss the appeal.

The summons was issued in the Justice's Court on August 7th, 1891, and, at the same time, the affidavit of the plaintiff and warrant of attachment were made, and the said affidavit and an order of publication were entered on August 8th. On the return day (September 7th) of the notice the plaintiff appeared, the defendant not appearing. Judgment was rendered for plaintiff September 18th. Notice of appeal was served on the plaintiff and on the Justice of the Peace.

The plaintiff moved in the Court below to dismiss the appeal for want of proper notice of appeal, and his Honor adjudged that the action be dismissed and that plaintiff recover his costs, from which defendant appealed to Superior Court.

The notice of appeal is as follows: "Take notice that W. D. McIver, attorney of defendant, entering a special appearance for the purpose of moving a discharge of the attachment granted, and for a dismissal of the action for

want of proper service of summons, appeals to the Superior Court from the judgment rendered on the 7th of September, 1891, in favor of plaintiff for the sum of, etc., $92.13 damages and $6.80 costs, and this appeal is founded upon the ground that the said judgment is contrary to law and evidence."

The said defendant's attorney made affidavit that he served this notice upon the plaintiff and upon the Justice of the Peace, by delivering a copy thereof to each.

*Mr. W. W. Clark,* for plaintiff.
*Mr. W. D. McIver,* for defendant.

CLARK, J.: The defendant is a non-resident corporation, it was not served with process, and did not appear and answer at the trial before the Justice. It had the right to appeal after notice of the judgment. *The Code,* § 876. It appears, however, that the defendant attempted to appeal, not from the judgment generally, but by a limited notice of appeal in the nature of a special appearance. We know of no authority or reason for such practice. An appeal must be from the judgment rendered. If after the judgment, the defendant appearing specially for the purposes of the motion, had moved to set aside the judgment for defective publication, and the motion had been denied, an appeal would have carried up only that ruling (*Finlayson* v. *American Accident Association,* 109 N. C., 196); or the defendant might have applied for a *recordari* (*McKee* v. *Angel,* 90 N. C., 60; *Caldwell* v. *Beatty,* 69 N. C., 365); or if appearing specially at the trial the defendant had moved to dismiss, and on refusal of such motion had caused its exception to be noted, and had then proceeded to defend on the merits, it would not on an appeal have lost its right to insist on its special appearance. *Guilford County* v. *Georgia Company,* 109 N. C., 310; *Plemmons* v. *Improvement Co.,* 108 N. C., 614. But here the defendant

neither appeared specially at the trial and moved to dismiss, nor made any motion afterwards, but attempted to appeal specially, and to have the Court pass upon a ruling as to the regularity of the publication which the magistrate did not make nor was given by the defendant any opportunity to make. If the appeal had any effect at all it was a general appearance by the defendant, and placed it regularly in Court if not already there. It may be that the Judge should have so held. But the plaintiff is not appealing from his failure to do so, and it is only open to us to say that the defendant cannot assign as error that the Court held that an attempted appeal by counsel "appearing specially" for such purpose only was no appeal. If error, it is beneficial to the defendant, since it is now open to him to make a motion to set aside the judgment, if so advised, under *The Code*, § 220, or possibly for a *recordari* in the nature of a writ of false judgment. *Caldwell* v. *Beatty, supra.*

Besides this, the notice of appeal was not served at all—the appeal not having been taken in open Court (*The Code*, § 877), and the notice not having been served by an officer. *The Code*, § 597; *State* v. *Johnson*, 109 N. C., 852.

Affirmed.