D. I. FORT v. M. C. PENNY, Administrator of Seth Penny.

(Decided March 15, 1898).

*Contract—Express and Implied Contract—Action on Contracts—Jurisdiction—Plea in Abatement—Splitting Accounts.*

1. Where, in the execution of an express contract under which plaintiff was to receive compensation for his services, the plaintiff advanced money at the request of the defendant, the former may sue separately on the contract and for the money so advanced.

2. Where the subject matter is within the jurisdiction of a Justice of the Peace, the fact that the demand arose out of an indivisible contract which was split for jurisdictional purposes, must be taken advantage of by a plea in abatement before pleading to the merits.

3. A demand arising out of an indivisible contract cannot be split for jurisdictional purposes.

CIVIL ACTION, tried before *Robinson, J.,* and a jury, at October Term, 1897, of WAKE Superior Court.

On the trial it appeared that the defendant's intestate was the owner of a large, well-wooded tract of land sixteen miles from his residence, and six miles from the city of Raleigh, where the plaintiff resided.

There was evidence that sometime before his death, the said Seth Penny and the plaintiff entered into a contract, by the terms of which plaintiff was to sell and superintend the cutting and hauling of a large quantity of wood from said land for the said Seth Penny, who agreed to allow him a reasonable compensation for his services. The amount thereof was not ascertained by the said contract.

The plaintiff performed his part of said contract, the defendant's intestate dying before it was completed. There were 2,070 cords of the wood cut, hauled and sold at the price of $1.70 per cord.

The plaintiff's evidence was to the effect that his services in performing said contract were reasonably worth ten per cent of the gross proceeds of the sale of said wood.

The plaintiff was indebted to the said Seth Penny, defendant's intestate, by note, in the sum of one hundred dollars, with interest from the — day of ——, 189—.

The plaintiff deducting this amount sued, on his refusal to pay his demand, the defendant, for the balance due him for services rendered under said contract, to-wit:    $199.57, in Justice's Court.

He likewise sued the defendant in another summons, in Justice's Court, for the sum of $75.83, which he testified the defendant owed him for money advanced in executing said contract, to the use and benefit of said intestate, at his request.

The plaintiff said:    "I paid out of my own pocket $46.83.    My claim is for $398, less credit of $100."

When the plaintiff closed his evidence, the defendant moved to non-suit, contending that the Court of the Justice of the Peace did not have jurisdiction, since, as he alleged, the account was one transaction arising out of an indivisible contract, and could not be split for jurisdictional purpose.

It was admitted that no such motion was made in the Justice's Court; but, on the contrary, that the two cases had by consent been tried together therein.    When the cases were called in the Superior Court by consent, by order of the Court, they were consolidated before the trial began.

The Court, holding that the Justice of the Peace had not jurisdiction, non-suited the plaintiff, who excepted. Judgment of non-suit and appeal by plaintiff.

*Messrs. Jones & Boykin,* for plaintiff (appellant).
*Messrs. Argo & Snow* and *W. N. Jones,* for defendant.

FAIRCLOTH, C. J.: On June 7, 1897 plaintiff sued defendant before a Justice of the Peace for $199.57 on a contract for cutting, hauling and selling wood, taken from defendant's land. On the same day the plaintiff sued the defendant for $75.83 before some Justice of the Peace for money advanced, at the defendant's request, in executing said contract. The defendant pleaded the general issue to each action—no plea to the jurisdiction was filed, and by consent the two cases were tried together. After trial, an appeal was taken, and in the Superior Court the two cases were consolidated by consent. The defendant then moved for a non-suit on the ground that the Justice of the Peace had no jurisdiction, since the account was one transaction arising out of an indivisible contract and could not be split for jurisdictional purposes. His Honor held that the Justice of the Peace had no jurisdiction and entered a non-suit, and the plaintiff appealed to this Court.

It is true that the same contract cannot be divided for such purpose, but the defendant's difficulty is that the summons, the proof and the facts stated in the "case" by his Honor, show two contracts, one express and the other implied, one for services and the other for money advanced at the defendant's request for executing said (express) contract, each one within a Justice's jurisdiction. The order of non-suit was therefore erroneous.

If the proofs had shown as matter of fact that the two demands appearing in the two summonses were one and the same transaction and therefore indivisible, the

defendant would have been confronted with the rules so well pointed out in *Branch* v. *Houston*, Busbee, 85.

One of those rules is thus stated: "If the allegations bring the case within the jurisdiction, so that the defect is not apparent, and the general issue is pleaded, the proof not sustaining the allegation, there is a fatal variance which is ground of non-suit . . . unless affidavit be made according to the statute."

"If the subject matter is within the jurisdiction and there be any peculiar circumstance excluding the plaintiffs or exempting the defendants, it must be brought forward by a plea to the jurisdiction; otherwise, there is an implied waiver of the objection, and the Court goes on in the exercise of its ordinary jurisdiction."

If the defective jurisdiction is apparent on the face of the record, the court stops at once, if necessary on its own motion, and refuses to countenance a usurpation of jurisdiction and to render a void judgment, *coram non judice.*

The special plea in abatement must be made before pleading to the merits, and in a case like this must have been made in the Justice's Court. *Blackwell* v. *Dibbrell*, 103 N. C., 270.

The question of dividing accounts for jurisdictional purposes was fully considered in *Magruder* v. *Randolph*, 77 N. C., 79.

Reversed.