DAVID C. ROBERTS, Respondent, v. VIRGINIA NEALE, Appellant.

Kansas City Court of Appeals, December 7, 1908.

1. ACCOUNT: Limitations: Mutual: One-Sided. In this State it is not necessary in order that items within the statutory period of limitations may draw inside thereof the items outside of that period, that the account should be mutual with items for or against either party. It may do this even though it be one-sided.

2. ———: ———: ———: ———: Infants: Jury. Where it is fairly inferable from the conduct of the parties, while the account is accruing, that it is to be taken as one, it will be so

Roberts v. Neale.

regarded by the court and the inference is one for the jury. *Held*, the evidence clearly shows that payments on a note made at different times were regarded by the parties as making one single amount and the jury under proper instructions properly so found.

3. BILLS AND NOTES: Payments: Action for: Pleading: Counts. *Held*, in an action to recover over-payments on a note that it is not necessary to state each payment in a separate count of the petition.

4. TRIAL PRACTICE: Pleading: Motions: Demurrers: Answer. Answering over after motions and demurrers have been overruled amounts to a waiver except where the claim is that the petition states no cause of action.

Appeal from Clay Circuit Court.—*Hon. Harris L. Moore,* Special Judge.

AFFIRMED.

*Clinton A. Welsh* and *Harry Friedberg* for appellant.

(1) Plaintiff's petition does not contain the proper subject-matter of an action on an open account.; but alleges payments on a debt after the debt had been paid off and extinguished. Plaintiff's petition should have been held insufficient in not stating a cause of action; and defendant's motion in the form of a demurrer to strike out should have been sustained. R. S. 1899, sec. 630; R. S. 1899, sec. 597. (2) Plaintiff's petition failed to set out each alleged overpayment, mentioned in his petition as separate counts or cause of action, as the law requires, and in failing to do so his petition is fatally defective, and defendant's motion in the form of a demurrer to strike out should have been sustained. Gas Light Co. v. St. Louis, 11 Mo. App. 64; Boyce v. Christy, 47 Mo. 70; Henoch v. Chaney, 61 Mo. 129. (3) Where separate causes of action are united in the same petition, each must be separately stated in a separate count with the relief sought, separately stated. R. S. 1899, sec. 593; Boyce v. Christy, 47 Mo. 70; Brick-

er v. Railroad, 83 Mo. 391; Hart v. Wire Co., 91 Mo. 414; McHugh v. Transit Co., 190 Mo. 93. (4) Separate causes of action must be separately stated, in separate counts. Speer v. Burlingame, 61 Mo. App. 75; Scott v. Robards, 67 Mo. 289; State ex rel. v. Pittmann, 103 Mo. 554; R. S. 1899, sec. 593; State ex rel. v. Peterson. 142 Mo. 526; Kabrich v. Insurance Co., 48 Mo. App. 393; Boyce v. Christy, 47 Mo. 70; McHugh v. Transit Co., 190 Mo. 93; State ex rel. v. Dulle, 45 Mo. 271; Owens v. Railroad, 58 Mo. 394; Brownell v. Railroad, 47 Mo. 240; Bricker v. Railroad, 83 Mo. 391; Hart v. Wire Co., 91 Mo. 414. (5) The defense of the statutes of limitation can be raised by demurrer which was done in this case by filing a motion in the form of a demurrer; which should have been sustained. Gas Light Co. v. St. St. Louis, 11 Mo. App. 55; Boyce v. Christy, 47 Mo. 70; Coudrey v. Gilliam, 60 Mo. 86; Henoch v. Chaney, 61 Mo. 129; Howell v. Stewart, 54 Mo. 400; State ex rel. v. Hardware Co., 109 Mo. 118. (6) In actions to recover for money had and received, the Statutes of Limitation run from time of payment of the money, and ignorance of the alleged mistake does not change the rule. Garnett v. Conklin, 52 Mo. App. 655; Angell on Limitation (6 Ed.), sec. 149, p. 141; sec. 150, p. 144; Thompson v. Brown, 50 Mo. App. 314; Soeffel v. Hoss, 11 Mo. App. 133; Harrison v. Hall, 8 Mo. App. 167.

*Sandusky & Sandusky* and *Martin E. Lawson* for respondent.

(1) In a running account, with all the items on one side, the last item within five years will remove the bar of limitation as to all preceding items, when it is "fairly inferable from the conduct of the parties while the account was occurring, that the whole was to be regarded as one." Chadwick v. Chadwick, 115 Mo. 586; Ring v. Jamison, 66 Mo. 428; Ring v. Jamison, 2 Mo. App. 590; Gibson & Bro. v. Jenkins, 50 Mo. App. 35. Wheth-

er it is "fairly inferable" or not is a question for the jury. Thompson v. Brown, 50 Mo. App. 320. (2) Respondent's cause of action was one action for the whole sum of money received by appellant and belonging to respondent. Kearns v. Heitman, 104 N. C. 332. (3) We had a right to read his entire deposition to witness on cross-examination, to discredit him. Edwards v. Crenshaw, 30 Mo. App. 514; State v. Talbott, 73 Mo. 358; Prewitt v. Martin, 59 Mo. 333.

ELLISON, J.—This action arose on account of certain alleged over-payments on a promissory note. The judgment in the trial court was for the plaintiff.

Since the verdict was for the plaintiff we will assume to be facts those things which the evidence in his behalf tends to prove. It appears that a note for $1,500, dated the 8th of December, 1886, due in twelve months, with ten per cent compound interest, was given by plaintiff and a comaker, together with two others as sureties, to John Neale; that Neale died in March, 1887, and this defendant, his widow, became the owner of the note in 1891. There were various payments made to defendant on the note until finally a payment made in December, 1897, fully discharged it. But in ignorance of the fact that the note had been fully discharged, plaintiff made various other payments to defendant from time to time, beginning in March, 1898, and continuing on down to August 25, 1902. There was another transaction occurring in January, 1905, wherein it was alleged that $578.60 was also paid. But this item was dismissed by plaintiff at the trial and need not be further noticed. This action was begun on the 5th of October, 1905, within five years of the last payment,— the 25th of August, 1902,—which was the only payment made within five years prior to the date of bringing the suit. The chief question is whether the payments prior to the last are barred. Plaintiff contends that they

were a series of payments on one transaction and are an open account, the last item, being inside of the limitation period, connecting back and saving those beyond that period. Or, if not an account, he insists that it was a series of receipts of money on account of one transaction, which were moneys had and received and should be looked upon as an aggregate, the last receipt making up the total sum, as one demand. Defendant's theory is that each separate payment was a separate transaction, with the statute running on each from the time of its payment.

In this State it is not necessary in order that items within the statutory period may draw inside the items outside that period, that the account should be mutual with items for and against either party. The account may do this even though it be one-sided, with all the items against one party. [Chadwick v. Chadwick, 115 Mo. 581.] And, therefore, where it is fairly inferable from the conduct of the parties, while the account is accruing, that it is to be taken as one, it will be so regarded by the courts. [Ib.] And the question whether it is so inferable is one for the jury. [Thompson v. Brown, 50 Mo. App. 320.] In this case the evidence clearly shows that the payments were made at different times in relation to the one thing,—the note,— and that they were necessarily regarded by the parties as making one aggregate or single amount, viz.: a sum sufficient to discharge the note. And the jury, under proper instructions, has so found.

Defendant, as already stated, considers that each payment made a separate cause of action and that they could not be tacked together. He therefore insisted in the trial court that each payment should have been declared upon in a separate count of the petition. We think the position not sound. If the nature of plaintiff's claim were such that no question of limitation were involved,—if the different payments were all within the period of limitation,—and only a question of pleading

were in dispute, would anyone say that the sum of the several payments could not be placed in one count? If the several payments were subject to unification in that instance, the fact that some fell without and some within the statute would not affect the matter.

An account, not mutual but one-sided, can well be likened to money had and received for one by another. An action for money had and received may arise when one receives money not his, but which, rightfully, he either should not have received or if he properly received it should have paid over to the other. In one sense different payments to one for another would constitute an account, each payment being an item; yet the action would essentially be for money had and received. Suppose that these payments were on one transaction and were made so that some of them were older than the period of limitations and others within the period,—would not the aggregate constitute a single demand? And as each successive payment was made would it not be merely enlarging the single demand, until the last one, within the period of limitation, would make the total of a single claim, the subject of a single action? It has been so decided. [Kearns v. Heitman, 104 N. C. 332, 10 S. E. 467.]

What we have written disposes of other points made by defendant which we care to notice in detail. The rulings on the admission of evidence are not subject to the criticism made by defendant. The entire discussion as to the action of the court on demurrers and motions filed by defendant has been answered by the foregoing. Besides, by answering, motions to strike out and demurrers are waived except where the claim is that no cause of action is stated, and that one was stated here we entertain no doubt. The instructions properly submitted the case and the evidence was sufficient to uphold the verdict as to whether defendant owned the note instead of her son as claimed by her. An examina-

tion of the entire record satisfies us that we have no ground for interference. The judgment is therefore affirmed. All concur.