### HONIG & HOCHENBERG v. N. HAWA.

(Filed 14 September, 1927.)

**Courts—Jurisdiction — Justices of the Peace — Waiver — Constitutional Law.**

Where the defendant is sued on two accounts before a justice of the peace separately stated, each appearing to be in amount coming within his jurisdiction, but together exceeding it, by his appearing and acknowledging his liability for the sum total he thereafter waives his right on appeal to set up the defense that in fact the two accounts were but one, and he may not insist that the judgments rendered against him by the justice were unconstitutional and void for the want of jurisdiction. Const. of N. C., Art. IV, sec. 27.

APPEAL by defendant from *Clayton Moore, Special Judge,* at June Term, 1927, of PASQUOTANK. Affirmed.

*Thompson & Wilson for plaintiffs.*
*McMullan & LeRoy for defendant.*

CLARKSON, J. The defendant testified in part: "I received the goods represented by the invoices which I offered in evidence. There were

two separate purchases on two separate orders, one order sent in one week and the other the next, and the goods came to me in two different shipments, one one week and the other the next, on different invoices, and notwithstanding I received the plaintiffs' goods in 1925, I have not paid them a single cent and owe them for every dollar's worth of goods represented by the invoices. The payment which I made plaintiffs on 23 November, 1925, covered a bill of goods which was shipped me on 20 October, 1925, less the discount. I listed in my invoice book in my own handwriting the two separate invoices of 18 November and 25 November, and the amounts are correct. There was a trial at the court of T. B. Wilson, justice of the peace. Two summonses were served on me by the constable, one of which demanded $103.75 and the other $120.75. Neither I nor Mr. Honig had any lawyer to represent us in the justice's court. *I was there and admitted the correctness of the invoices and stated that the only reason they were not paid was I did not have the money to pay them. That was the only defense I set up to the action,* and Mr. Wilson rendered judgments against me and I appealed to this court."

The invoice of the goods sold by plaintiffs to defendant 18 November, 1925, was $103.75. The invoice on 25 November, 1925, was $120.75. Action was instituted on the two different invoices before the justice of the peace. The return of the justice of the peace on appeal in each case shows that defendant made no plea. He testified in part: *"There was no defense set up in my court to the effect that I did not have jurisdiction because the account had been split up, nor was there any plea in abatement entered in my court."*

In the Superior Court the defendant entered a plea in abatement, moved to dismiss on the ground that the account was stated and the justice of the peace had no jurisdiction; that statements showing a total indebtedness of $224.50 were presented by plaintiffs to defendant on three different occasions before suit was brought and defendant admitted the correctness, and on the occasion of the last statement promised plaintiffs to pay said amount. Sum demanded shall not exceed $200 before justice of the peace on contracts. Const. N. C., Art. IV, sec. 27.

In the court below the parties agreed to submit the controversy to the trial judge without a jury. In rendering judgment for plaintiffs, the court below held: "That the defendant did not enter a plea in abatement or move to dismiss for want of jurisdiction at the time of the trial before the justice of the peace; and the court being of the opinion that the defendant has waived his plea to the jurisdiction by not entering it before the justice."

The plaintiffs brought two actions on the different invoices in the court of a justice of the peace. See *Mayo v. Martin,* 186 N. C., p. 1. De-

14—194

fendant was duly served with summons in each action. From the summonses and complaints in the justice of the peace court, it clearly appeared that it had jurisdiction. If it was a *stated account,* the fact was not set up by defendant. He appeared, made no objection to plaintiffs' "splitting up" the account, and in fact admitted the correctness of the two invoices. The only defense to the two actions was "I did not have the money to pay them." The plea that the account was stated came too late in the Superior Court.

It is well settled that if a justice of the peace exceeds his jurisdiction, the judgment is void. If this defect does not appear on the face of the proceedings, it must be made to appear by plea and proof. We think the present action comes under the third distinction set forth in *Branch v. Houston,* 44 N. C., at p. 88, as follows: "3. If the subject-matter is within the jurisdiction, and there be any peculiar circumstance excluding the plaintiffs, or exempting the defendant, it must be brought forward by a plea to the jurisdiction. Otherwise, there is an implied waiver of the objection, and the court goes on in the exercise of its ordinary jurisdiction." *Blackwell v. Dibbrell,* 103 N. C., 270; *Beville v. Cox,* 109 N. C., 265; *Hicks v. Beam,* 112 N. C., 642; *S. v. Efird,* 186 N. C., 482.

In *Insurance Co. v. R. R.,* 179 N. C., at p. 293, it is said: "In *Fort v. Penny,* 122 N. C., 232, in which objection was made in the Superior Court to dividing a cause of action in order that actions might be commenced before a justice of the peace, it was held: 'If the proofs had shown as matter of fact that the two demands appearing in the two summonses were one and the same transaction, and therefore indivisible,' the defendant must file plea in abatement, and upon failure to do so the objection was waived, and upon the same principle this action may be maintained." *In re Smiling,* 193 N. C., p. 448. The judgment below is

Affirmed.