This is an action to have a decree of absolute divorce and the verdict on which said decree was rendered at November Term, 1932, of the Superior Court of Edgecombe County in an action instituted by the defendant H. S. Poole against the plaintiff, set aside and vacated on the ground that said decree and verdict were procured by the fraud of the defendant H. S. Poole, as alleged in the complaint.
The action was begun in the Superior Court of Edgecombe County by summons issued on 29 June, 1933. After the complaint was filed, to wit, on 22 July, 1933, the defendant H. S. Poole died. Thereafter on motion of the plaintiff W. S. Babcock, who had been duly appointed as administrator of the said H. S. Poole, deceased, was duly made a party defendant to the action. He filed an answer to the original complaint in which he denied all the material allegations therein, and prayed that the action be dismissed.
On 11 June, 1935, Mrs. Berta Williams Burton Poole filed a petition in the action in which she alleged that after the decree of absolute divorce had been rendered in the action instituted by H. S. Poole against the plaintiff, she had intermarried with the said H. S. Poole, and that she is now his widow, and as such is entitled to dower in the lands and to a distributive share in the personal property, which he owned at his death. She prayed for an order allowing her to interplead in the action, that she might defend the same. Pursuant to her petition, an order was made in the action that she be made a party defendant. Thereafter she filed an answer to the original complaint in which she denied all the material allegations therein, and prayed that the action be dismissed.
When the action was called for trial on the issues raised by the pleadings, the defendant Berta Williams Burton Poole filed a verified plea in abatement, as follows:
"The defendant Berta Williams Burton Poole, a defendant in the above styled action, hereby filed her plea in abatement, and assigns as grounds therefor that the action should abate for that the original defendant H. S. Poole is now dead, and that the said H. S. Poole had no property in his name at the time of his death."
The plea in abatement was denied by the court, and the defendant Berta Williams Burton Poole excepted.
The issues submitted to the jury were answered as follows: *Page 538 
"1. Was the service of summons obtained by the fraudulent act of H. S. Poole? Answer: `Yes.'
"2. Did the said H. S. Poole perpetrate a fraud on this court by alleging five years separation from Annie Willcox Poole, and obtaining a decree of absolute divorce on said ground? Answer: `Yes.'"
In apt time, the defendant Berta Williams Burton Poole tendered an issue as follows:
"Did H. S. Poole at the time of his death own any property?"
The court declined to submit this issue to the jury and the defendant excepted.
Thereupon judgment was rendered as follows:
"This cause coming on to be heard at the April Term, 1936, of the Superior Court of Edgecombe County, North Carolina, before Hon. W. C. Harris, Judge presiding, and a jury, and being heard, and the two issues having been submitted to the jury and answered as appear in the record; and it further appearing to the court, and the court finding the facts to be as follows:
"That H. S. Poole, plaintiff in that certain action instituted in the Superior Court of Edgecombe County, N.C. entitled `H. S. Poole v. Annie Grey Willcox Poole,' same being No. 2984, on the summons docket of said court, and the said Annie Willcox Poole were married on 26 October, 1904, and for 27 years lived together as man and wife in the city of Rocky Mount, in Edgecombe and Nash counties, North Carolina, and that there were born of said marriage three sons; that thereafter, in September, 1931, the said H. S. Poole and Annie Willcox Poole separated from each other, and following said separation, the said Annie Willcox Poole made her home in the city of Raleigh, in Wake County, N.C.;
"That on 11 August, 1932, the said H. S. Poole instituted an action for divorce in the Superior Court of Edgecombe County; that summons was issued in said action to the sheriff of Wake County, N.C.; and said summons was returned endorsed that the defendant Annie Willcox Poole could not be found in Wake County; that service by publication was made in a newspaper calledThe Tarboro Southerner, a newspaper of very limited circulation; that the order of publication was procured from the clerk of the Superior Court of Edgecombe County upon the affidavit set out in the record in that case; that just prior to the issuance of the summons in that case to the sheriff of Wake County, the said H. S. Poole had learned from a sister of the said Annie Willcox Poole that the said Annie Willcox Poole was not in Wake County, but was on a visit to one Joe Poole, a son of the said H. S. Poole and Annie Willcox Poole, who was then living in the city of Washington, D. C., and would be away about three weeks; that while the said Annie Willcox *Page 539 
Poole was in Washington, D.C., the said H. S. Poole communicated with his son, the said Joe Poole, regarding a business matter in which the said Annie Willcox Poole was involved, and learned from his said son Joe Poole that the said Annie Willcox Poole was then in Washington, D.C.; that at all times, from the issuance of the summons in that action on 11 August, 1932, until the granting of the decree therein at the November, 1932, term of the Superior Court of Edgecombe County, the said H. S. Poole knew where the said Annie Willcox Poole was, and that the said H. S. Poole made no attempt to secure personal service of the summons upon the said Annie Willcox Poole, but on the contrary sought to prevent notice of said action from being brought to her attention.
"That the first knowledge which the said Annie Willcox Poole had of the pendency of any suit against her for divorce, or of any judgment rendered against her therein, was in November, 1932, when she learned that the said H. S. Poole had married Berta Burton Poole, the defendant herein; that immediately thereafter the said Annie Willcox Poole consulted an attorney and acting upon his advice, instituted proceedings to have the divorce decree set aside.
"That in said divorce action the said H. S. Poole filed his verified complaint in which he alleged that `plaintiff and defendant have lived separate and apart for five successive years,' and that `the separation was not caused by any misconduct on the part of the plaintiff, and he is the injured party.'
"That said allegations in the complaint in that action are and were false; that the plaintiff and defendant in that action had actually been separated less than one year at the time of the institution of that action.
"That the said H. S. Poole died subsequent to the institution of this action; but upon the suggestion and contention of the plaintiff and upon the verified petition to interplead of the defendant Berta Burton Poole, it appears that property rights are involved in this action and the court holds that therefore this action does not abate.
"Now, therefore, upon the foregoing facts and the verdict of the jury, the court being of the opinion and concluding as a matter of law, that these matters and things constitute a fraud upon the said Annie Willcox Poole and upon the court, it is by the court ordered, considered, adjudged, and decreed that the judgment rendered at the November Term, 1932, of the Superior Court of Edgecombe County in the action entitled `H. S. Poole v. Annie Grey Willcox Poole,' same being recorded in Judgment Docket 17, at page 3, and in the Minute Docket, page 395, office of the Clerk of the Superior Court of Edgecombe County, North Carolina, be and the same is hereby set aside and declared null and void, and of no effect. *Page 540 
"It is further ordered, adjudged, and decreed that the said action entitled `H. S. Poole v. Annie Grey Willcox Poole,' shall abate.
"It is further ordered that the costs of this action be taxed against the defendant Berta Burton Poole."
The defendant Berta Williams Burton Poole excepted to the judgment, and appealed to the Supreme Court, assigning errors in the trial.
The defendant on her appeal to this Court relies chiefly on her contention that there was error in the refusal of the trial court to sustain her plea in abatement on the ground that since the commencement of the action the original defendant, H. S. Poole, has died, and that at the date of his death "he had no property in his name." The plea in abatement was filed after the defendant had been allowed to intervene in the action, on the ground that as the widow of H. S. Poole she had an interest in the property, real and personal, which he owned at his death. After she had been made a party defendant, which he owned answer to the original complaint, in which she denied the allegations therein which constitute the cause of action on which the plaintiff prays for relief. By pleading to the merits, after the death of the original defendant, and after his administrator had been made a party defendant, the appealing defendant waived her right, if any she had, to file a plea in abatement on the ground that the original defendant had died since the commencement of the action. A special plea in abatement must ordinarily be made before pleading to the merits; otherwise, the right to file such plea is waived. See Honig v.Hawa, 194 N.C. 208, 139 S.E. 222; Ins. v. R. R., 179 N.C. 290,102 S.E. 504; Fort v. Penny, 122 N.C. 230,29 S.E. 362. 1 C. J., 5, sec. 195.
In Fowler v. Fowler, 190 N.C. 536, 130 S.E. 315, it is said:
"It is well settled that for fraud perpetrated on a party to the action, the judgment must be attacked by an independent action." This statement of the law applicable to this action is supported by numerous authorities cited in the opinion of Clarkson, J.
This is an independent action in which the judgment in the action entitled, "H. S. Poole v. Annie Willcox Poole," is attacked for fraud perpetrated by the plaintiff in that action against the defendant therein. The action was begun before and was pending at the death of the original defendant, H. S. Poole. After his death, his administrator, on motion of the plaintiff, was made a party defendant. He filed an answer to the original complaint, in which he denied the allegations of the complaint. He did not file a plea in abatement, or otherwise contend that *Page 541 
the action did not survive as to him. He has not appealed from the judgment setting aside and vacating the judgment in H. S. Poole v. Annie Willcox Poole on the verdict in the action which sustains the allegations of the complaint.
If it be conceded as contended by the appealing defendant, and as held in other jurisdictions (see Fowler v. Fowler, supra), that this action abated upon the death of H. S. Poole, unless he owned property, real or personal, at his death, there was no error in the refusal of the trial court to submit to the jury the issue tendered by the appealing defendant. The judge found from admissions in the pleadings that property rights were involved in the action at the time of the trial, and held that for that reason the action did not abate at the death of the original defendant.
The judgment is affirmed.
No error.