COPLAND v. WIRELESS TELEGRAPH CO.

(Filed September 13, 1904).

1. AGENCY—*Process—Corporations—The Code, sec. 217.*

   The authority to receive money is not the exclusive test of a local agent upon whom service of process may be made.

2. ACCOUNTS—*Jurisdiction—Justices of the Peace.*

   Where the items of an account are incurred under different contracts, an action may be brought on each item before a justice of the peace, the separate items being less than $200.

3. ACCOUNTS—*Actions—Jurisdiction.*

   The rendering of a statement of an account for the entire amount due under different contracts does not prevent an action on each item if the account as rendered is objected to.

4. DOCUMENTARY EVIDENCE—*Agency—Account.*

   The letter of a corporation objecting to an account rendered is competent to show such objection by the corporation.

ACTION by J. P. Copland against the American De Forest Wireless Telegraph Company, heard by *Judge George H. Brown* and a jury, at May Term, 1904, of the Superior Court of DARE County. From a judgment for the plaintiff the defendant appealed.

*D. M. Stringfield* and *B. G. Crisp,* for the plaintiff.
*Ward & Thompson,* for the defendant.

CLARK, C. J. This action against a "wireless telegraph company," which now makes its first appearance in this Court, proves the oft-repeated observation that every phase of life, the customs, pursuits and progress of a people, soon or late, are photographed in the records of its Courts, as flies are preserved in amber and as the rays of the sun are imprisoned in the diamond.

The summons was served upon the local operator who the Court found as a fact was in sole charge of the defendant's property at that point and in control of its business, and has received messages from ships at sea for pay, though the office was not yet open for general business. This made him "its local agent" under The Code, sec. 217. The words in the proviso, "any person receiving or collecting moneys within this State for or on behalf of any corporation of this or any other State or government shall be deemed a local agent for the purposes of this section," are not intended to limit service to such class of agents, but to extend the meaning of the word "agent" to embrace them. The authority to receive money, of itself, constitutes the one so authorized a local agent, but this is not the exclusive test of agency.

The items of the plaintiff's claim having been incurred under different contracts and at different times, the plaintiff could maintain a separate action for the amount due under each contract, and if under two hundred dollars, before a Justice of the Peace, though the aggregate be in excess of that sum. It is optional with the creditor in such cases to join the amounts and bring an action therefor, or upon each item separately. *Fort v. Penny,* 122 N. C., 230; *Magruder v. Randolph,* 77 N. C., 79; *Boyle v. Robbins,* 71 N. C., 130; *Caldwell v. Beatly,* 69 N. C., 365. The defendant contends

that the plaintiff, having rendered a statement for the entire amount due, is bound by such statement and cannot afterwards elect to sue upon the items separately. This is true when the account rendered is accepted or there is no dissent within a reasonable time, for this amounts to a new contract to pay the amount or balance therein stated to be due. *Hawkins v. Long,* 74 N. C., 781. But here the defendant "objected to such statement" *(Marks v. Ballance,* 113 N. C., 29), and the only contract between the parties is upon the original transactions, and the plaintiff could sue upon each separately.

The letter from the company objecting to the correctness of the account rendered was competent. It was not the admission of an agent as to a past transaction.

No Error.