J. G. PARDUE ET ALS. v. H. O. ABSHER ET AL.

(Filed 5 December, 1917.)

1. **Foreign Corporations — Process—Service—Statutes—Insurance Commissioner.**

Service of summons on a foreign insurance company doing business in this State is not restricted to the method prescribed by Revisal, sec. 4750, but may be made in the manner stated in Revisal, sec. 1243.

2. **Same—Bonding Companies.**

Service of summons upon the Commissioner of Insurance under Revisal, 4750, does not apply to bonding companies authorized under section 4805, and the same may be made under section 440 (1).

3. **Foreign Corporations — Bonding Companies — Process — Principal and Agent—Statutes.**

A local agent receiving premiums or commissions for a bonding company doing business in this State is within the contemplation of the section 440 (1) one upon whom a valid service of summons can be made on a foreign corporation, including a bonding company.

4. **Judgments—Payment—Actions—Clerks of Court—Injunctions.**

Where a foreign bonding corporation has voluntarily paid off a judgment rendered against it without protest and with full knowledge of the facts, and the judgment has been canceled accordingly, it may not recover back the money it has so paid in the absence of fraud or deceit, or restrain the clerk from paying it to him.

APPEAL by defendant Guaranty Company from *Ferguson, J.,* at March Term, 1917, of WILKES.

This is a motion by the U. S. Fidelity and Guaranty Company, one of the defendants, at January Term, 1917, of Wilkes, to set aside a judgment of that court rendered at March Term, 1910, on the ground that summons in said cause had not been properly served, and that at the time of the rendition of said judgment in 1910 the statute of limitations had barred said action by reason of an alleged final settlement by the other defendants in said action.

The court found as facts: That the summons in the original cause was returnable to January Term, 1910, of Wilkes; complaint was filed on the first day of said term, the summons being returned served on F. D. Hackett, local agent of the U. S. Fidelity and Guaranty Company, and also on the other defendants. Entry was made at that term "Twenty-five days allowed defendants to answer and continued." At March Term, 1910, judgment was entered for $880 and interest from different dates on certain amounts; $519.25 was collected (besides costs and commissions) and was credited on the judgment. In 1916, the judgment having become dormant, upon notice to defendants, it was revived and execution issued. Then after correspondence with defendant U. S. Fidelity and Guaranty Company and the State Insurance Commissioner the court finds as a fact that said company "caused their attorneys, Jones & Jones, Raleigh, N. C., to send their check to the clerk of the Superior Court of Wilkes to pay said judgment on 20 January, 1917, and the clerk received the said check and marked the judgment 'Satisfied.' But before he paid the same to plaintiff, a restraining order was issued and served on the clerk, restraining him from paying out the money until further order of the court."

The letter from Jones & Jones, enclosing the check in payment of the judgment, is as follows:

"At the request of the United States Fidelity and Guaranty Company of Baltimore, Md., we are handing you herewith checks made by the Commercial National Bank of this city upon the Hanover National Bank of New York for the sum of $968.95, the amount of the judgment in your court in favor of Pardue against the United States Fidelity and Guaranty Company *et al.*

"Will you please do us the kindness to send us a receipt for the amount, and greatly oblige,          Yours truly,
                                        "ARMISTEAD JONES & SON."

The judge also finds as a fact that while the Fidelity and Guaranty Company had a process agent, then and now, G. A. Follin, at Winston, the subject-matter of this action "was not an insurance transaction, and that the said company was not strictly an insurance company in the meaning of the statute, but was transacting the business of a bonding company, and that said F. D. Hackett (upon whom the summons was served in 1910) not only solicited business for the company as a bonding company, but received money for said company in the way of premiums or commissions on said bonds, and also was such an agent as would reasonably be expected to give his principal notice of the suit."

The court denied the motion to set aside the judgment, and said company appealed.

*Hackett & Gilreath for plaintiffs.*
*J. C. Wallace and E. C. Willis for defendants.*

CLARK, C. J. The defendant contends that the judgment was void as to the Fidelity and Guaranty Company because the summons was not served upon the Insurance Commissioner. In *Fisher v. Ins. Co.,* 136 N. C., 224, it was held that service of process on an insurance company is not restricted to that method as prescribed by Revisal, 4750, but that it may be made also in the manner prescribed by Revisal, 1243. It is unnecessary to consider whether it may not be made also in the manner prescribed by Revisal, 440, for this is not an insurance company, but a bonding company authorized under Revisal, 4805, and that section does not require service of process upon the Insurance Commissioner, though they must be licensed by that officer. Service, therefore, under Revisal, 440 (1) is valid when made upon a local agent of such corporation, and it is therein provided that "Any person receiving or collecting moneys within this State for or on behalf of any corporation of this or any other State or government shall be deemed a local agent for the purpose

of this section." Indeed, the term "local agent" is not limited to those receiving money for the company. *Copeland v. Tel. Co.,* 136 N. C., 11. Nor is it necessary to consider whether upon the facts of this case the company has waived a failure of service upon a proper officer, if such had been the case, by appearance in the action or by acquiescence in the judgment, for the defendant company has paid off the judgment, with notice of all the facts, and without protest.

It is an "elementary rule that unless otherwise provided by statute, a party cannot, either by direct action or by way of set-off or counter-claim, recover money voluntarily paid with the full knowledge of all the facts, and without any fraud, duress or extortion, although no obligation to make such payment existed." 30 Cyc., 1298. This applies to voluntary payments by corporations (*ib.,* 1300), and "Money voluntarily paid to satisfy a judgment which has not been reversed cannot be recovered back, and it is immaterial that the recovery was fraudulent. Payment of a judgment is voluntary unless made to procure the release of the goods of the party making the payment after seizure, or to prevent their seizure by an officer armed with the authority or apparent authority to seize them." *Ib.,* 1302. It can make no difference that afterwards the appellant alleged that it made payment to prevent a revocation of its license to do business in this State. It made no protest at the time, and the fact that it thought it was to its advantage to pay this judgment cannot vitiate the effect of the unrestricted payment in full of the judgment, without protest.

Moreover, the judgment having been paid and cancellation entered on the docket by the clerk before service of the restraining order, there is no judgment to be set aside and no ground to restrain the payment of the money over to the plaintiff, as whose agent the clerk held the same, for there is no allegation of fraud or deceit in procuring the payment to be made. There was full discussion and correspondence, and the company ordered the payment to be made with full knowledge of all the facts.

Affirmed.