LOTTIE B. TOWNSEND v. CAROLINA COACH COMPANY, A CORPORATION.

(Filed 24 November, 1948.)

**1. Process § 8a—**

It is not required that a person in this State who receives money for a foreign corporation in the course of business must be an employee or agent of the corporation in order for service of process on such person to be effective. G.S. 1-97 (1).

**2. Same—**

It is not required that the designation of persons as agents for the purpose of service of process on foreign corporations must be factually agents or employees of the corporation provided the statutory designation of process agents has reasonable relevancy to the end sought.

PLAINTIFF's appeal from *Pless, J.,* April Term, 1948, CABARRUS Superior Court.

Plaintiff instituted this action to recover damages for a personal injury and for loss of property, including baggage and personal belongings, and for mental suffering, anxiety, and discomfort and humiliation in consequence of said loss.

Service (the validity of which is now questioned) was made in attempted compliance with G.S. 1-97, which in terms provides:

"Service by copy.—The manner of delivering summons in the following cases shall be as hereinafter stated:

"1. If the action is against a corporation, to the president or other head of the corporation, secretary, cashier, treasurer, director, managing or local agent thereof. Any person receiving or collecting money in this state for a corporation of this or any other state or government is a local agent for the purpose of this section. Such service can be made in respect to a foreign corporation only when it has property, or the cause of action arose, or the plaintiff resides, in this state, or when it can be made personally within the state upon the president, treasurer or secretary thereof."

For want of answer, judgment by default and inquiry was rendered by the Clerk of the Superior Court of Cabarrus County. The cause stood for hearing on the inquiry of damages at January Term, 1948. The Presiding Judge ruled that plaintiff could not recover except for loss of baggage and wearing apparel, and for expenses incurred in an effort to recover same. Thus a restricted issue as to damages was submitted and answered in the sum of $676.00, and judgment rendered therefor.

Thereafter the defendant moved to set aside the verdict and judgment for want of service of summons on the defendant, and the motion was heard before Pless, J., at April Term, 1948, at which time the judgment was set aside.

The facts are found in the Judgment and Order made on that date:

"This cause coming on to be heard, and being heard at the April Term, 1948, of the Superior Court of Cabarrus County, North Carolina, before J. Will Pless, Jr., Judge Presiding, upon the motion of the defendant to set aside the default judgment, the verdict and final judgment, after hearing the matter the Court finds as a fact that at

the time of the purported service of summons, Mrs. Pearl Miller was engaged in the sale of tickets at the Union Bus Station in Concord, selling tickets for the defendant bus line as well as others, and that in that capacity she received money for the said tickets. The Court further finds as a fact that Mrs. Miller was not in the direct employ of the defendant Coach Company, but that she was employed by George Huffstetler and M. E. Newton, trading as Concord Bus Station, who acted as lessees of the bus station, operated it, furnished all the usual services to the public necessary and incident to the sale of tickets, handling baggage, and the general objects usually performed at bus stations. The Court further finds as a fact that the moneys received by Mrs. Miller in her capacity as an employee of the lessee partnership were turned over by it to the defendant Coach Company; that the defendant Coach Company paid to the partnership an amount equal to 10 per cent of the receipts for the sale of tickets as compensation for their services. The Court further finds that Mrs. Miller was not in the direct employment of the Coach Company, and that her employment or discharge was within the exclusive authority of the lessee partnership. The Court further finds that, in addition to the sale of tickets, Mrs. Miller, when necessary, supervised the transfer of baggage and shipments being handled by both bus companies, but that she was the employee of Huffstetler and Newton, lessees of the station, who had the primary duty of furnishing such service.

"Upon all the facts found and as a matter of law, the Court concludes that Mrs. Miller was not the employee of the Carolina Coach Company, and was not a person upon whom process directed to the Carolina Coach Company could be legally served; whereupon the Court sets aside the service of process, the default judgment before the Clerk, the verdict and the final judgment in this cause.

"Upon the announcement by the Court of the ruling setting aside the service of process, the defendant says that it has entered a general appearance and does not wish to put plaintiff to the expense of instituting a new action, and will, if given time, file pleadings in the cause. The Court then in its discretion allowed the defendant 30 days within which to file answer or otherwise plead."

The plaintiff appealed.

*B. W. Blackwelder for plaintiff, appellant.*
*Arch T. Allen and E. T. Bost, Jr., for defendant, appellee.*

SEAWELL, J.   The defense challenges the validity of the service of summons on Mrs. Miller, who sold tickets over the defendant's lines and

collected the money for the same, and individually supervised the handling of baggage, on the ground that she was the employee of Huffstetler and Newton, lessees of the Bus Station, who furnished all the facilities and service to the public necessary and incident to the sale of tickets; and that the moneys collected by her were received in her capacity as an employee of the lessee partnership rather than the defendant, and were turned over by them to the defendant. To put it succinctly, the defense reads into the statute what they contend is necessarily implied,—"any person receiving or collecting money in this state for a corporation (and employed thereby)," .etc., will constitute an agent on whom service may be made. To put it more plainly, the defendant contends that the word "for" as used in the statute implies direct employment and not mediate action through the interposition of another employment to which the receiver of the money is accountable.

The statute was intended to facilitate service on a corporation which functions only through its officers and agents; and not only to provide for service near at hand when officers of a corporation, domestic or foreign, may reside at a great distance, but to resolve any doubt as to who might be validly served. Here the setup would defeat the purpose of the statute, if the theory of the appellee is correct, by return to a still greater confusion—to determine what member of the lessee agency to which the bus station and its ticket selling and coach securing activities have been farmed out is a fair target for the sheriff.

The power of the Legislature to establish categories *pro hac vice* not known to the glossary in that relation, when done in reasonable relevancy to the end sought, is unquestioned. The Secretary of State is, factually, not the agent of any foreign corporation who may be affected by service made upon him; and there need be in fact no factual agency or employment relation between the ticket seller at the bus station and the defendant company in order that she might be declared service agent by statutory definition. The question is only one of construction and statutory intent.

The question is not free from plausibilities *pro* and *con*. But we think no harm can come to corporations in like situation with the defendant in giving the statute its more liberal construction as a remedial measure, and we are persuaded that the phraseology justifies this conclusion. *Railroad v. Cobb,* 190 N. C. 375, 129 S. E. 828; *Pardue v. Absher,* 174 N. C. 676, 94 S. E. 414; *Copland v. Telegraph Co.,* 136 N. C. 11, 48 S. E. 501.

We hold the service valid, and the judgment to the contrary is reversed. This is without prejudice to the right of the defendant to move to set aside the judgment for excusable neglect, if so advised.

Reversed.