Higgins v. Simmons

---

LARRY HIGGINS v. SAMUEL DAVID SIMMONS AND GREENSBORO NATIONAL BANK, GARNISHEE

No. 8718DC830

(Filed 1 March 1988)

Garnishment § 2.1— service upon garnishee—loan officer trainee—insufficient

A judgment against a garnishee bank was reversed where the person upon whom the garnishment papers were served was not the president, head,

secretary, cashier, treasurer, or director of the bank and had no express authority to receive service of process on behalf of the bank, and was not an agent impliedly authorized to receive process on behalf of the bank because he had no discretion and control with respect to the corporate business, had no official or supervisory powers, conducted his duties of employment wholly under the supervision of bank officials, was not left in charge of the office on the day the papers were served or on any other day, there was no evidence that he had significant business experience or any specific experience with garnishment proceedings, and he did not in fact communicate to his employers that the papers had been served on him. His limited authority to accept a loan payment check from a bank client and carry it to a teller for deposit under the supervision of the branch manager did not constitute receiving or collecting money on behalf of a corporation within the meaning of N.C.G.S. § 1-440.26(c).

APPEAL by garnishee from *Joseph R. John, Judge.* Judgment entered 5 May 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 3 February 1988.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by Marion G. Follin, III, for plaintiff-appellee.*

*Barbee & Johnson, by Ronald Barbee, for garnishee-appellant.*

BECTON, Judge.

This appeal arises from an attachment and garnishment proceeding instituted by plaintiff, Larry Higgins, against Greensboro National Bank (GNB), as garnishee, to satisfy a debt owed to Higgins by defendant, Samuel David Simmons, from funds of Simmons which were allegedly on deposit at GNB. From a final judgment in favor of Higgins against GNB in the amount of $4,200 with interest and costs, GNB appeals. We conclude that, due to the insufficiency of service of process upon GNB, the judgment must be reversed.

I

On 14 January 1983, Larry Higgins filed suit against Samuel David Simmons to enforce payment of an alleged debt of $4,200. Higgins also instituted supplemental attachment and garnishment proceedings against GNB. On 17 January 1983, the summons to garnishee, notice of levy, and order of attachment were personally served by the Guilford County Sheriff on Calvin L. Corbett, an employee of the bank. On 18 April 1985, following a non-jury trial, judgment was entered against Simmons in the amount of $4,200 with interest from 15 December 1982.

During the period between the date of service, 17 January 1983, and the date of judgment against Simmons, 18 April 1985, GNB did not respond to the summons to garnishee. On 14 September 1985, Higgins moved unsuccessfully for a conditional judgment against GNB, pursuant to N.C. Gen. Stat. Sec. 1-440.26, seeking to recover from GNB the amount of the judgment. Higgins appealed the denial of his motion to Superior Court.

Thereafter, on 28 October 1985, GNB filed a motion to dismiss the attachment and garnishment proceedings on the grounds that GNB was not properly served with the summons and notice of levy because Calvin Corbett was not a proper agent to receive service of process on behalf of the bank. A hearing was held in Superior Court at which GNB presented evidence concerning the nature of Mr. Corbett's employment. The trial judge then entered an order on 27 February 1986 in which he made findings of fact, concluded that the bank had been duly served, denied the motion to dismiss, and ordered GNB to respond to the summons by 3 March 1986.

Upon GNB's failure to respond as ordered, Higgins again moved for a conditional judgment against GNB. GNB challenged the motion by once again raising the issue of improper service of process. However, the trial judge concluded that the 27 February 1986 order was binding on that issue, and he entered a conditional judgment on 24 November 1986 which directed GNB to appear within ten days and show cause why the judgment should not be made final. Once again the bank took no action; and, on 5 May 1987, final judgment was entered against GNB for $4,200 with interest from 15 December 1982 and costs.

## II

The dispositive issue on appeal is whether Calvin L. Corbett was a proper agent to accept service of process on behalf of GNB, since, if he was not, the trial court never acquired jurisdiction over GNB and the conditional and final judgments against it are void. For the reasons discussed hereafter, we conclude that service of the garnishment papers upon Mr. Corbett did not constitute valid service upon GNB.

A

N.C. Gen. Stat. Sec. 1-440.26 governs service of process in garnishment proceedings against a corporate garnishee. Pursuant to that statute, GNB could only be properly served by delivery of copies of the order of attachment, summons to garnishee, and notice of levy "to the president or other head, secretary, cashier, treasurer, director, managing agent, or local agent of the corporation." N.C. Gen. Stat. Sec. 1-440.26(a). Subsection (c) of the statute further provides that "[a] person receiving or collecting money within this State on behalf of a corporation is deemed to be a local agent of the corporation for the purpose of this section." Our Supreme Court, in *Carolina Paper Co. v. Bouchelle*, 285 N.C. 56, 203 S.E. 2d 1 (1974), further explained the meaning of the term "agent" in this context as follows:

> . . . [I]n defining the term agent it is not the descriptive name employed, but the nature of the business and the extent of the authority given and exercised which is determinative, and the word does not properly extend to a subordinate employee without discretion, but must be one regularly employed, having some charge or measure of control over the business entrusted to him, or of some feature of it, and of sufficient character and rank as to afford reasonable assurance that he will communicate to his company the fact that process has been served upon him. [Citations omitted.]

> . . .

> . . . It is merely a question whether the power to receive service of process can reasonably and fairly be implied from the character of the agency in question. [Citations omitted.]

> In the absence of any express authority the question depends upon a review of the surrounding facts and upon the inference which the court might properly draw from them.

*Id.* at 61-62, 203 S.E. 2d at 4-5, *quoting Whitehurst v. Kerr*, 153 N.C. 76, 79-80, 68 S.E. 913, 914 (1910) *and McDonald Service Co. v. People's National Bank*, 218 N.C. 533, 536, 11 S.E. 2d 556, 558 (1940).

In *Bouchelle*, garnishment papers were served upon W. F. Lyon, an employee of the corporate garnishee, W. P. Cherry & Son, Inc. The evidence showed that Lyon was not the president or other head, secretary, cashier, treasurer, or director of the company. However, he had 15 years of business experience which included some experience with garnishment proceedings. Although Lyon had been employed by the company for only two months when the papers were served, he had been persuaded to accept the position by the owner and president of the company, Mr. Cherry, and was made president of a subsidiary company of the garnishee corporation shortly after his employment began. There also was testimony that Lyon was left in charge of the seventeen-employee office whenever Mr. Cherry and the bookkeeper, Mr. Ambrose, were out, and that neither Mr. Cherry nor Mr. Ambrose were in the office on the day the papers were served. Moreover, there was evidence that Lyon did, in fact, communicate to his company that process had been served upon him. Based on the foregoing, the court concluded that, under these circumstances, it could "reasonably and fairly be inferred" that Lyon was a proper agent to accept service of process for the company.

### B

At the hearing on GNB's motion to dismiss for improper service of process, the undisputed testimony of the president of GNB showed that Calvin Corbett was not the president, head, secretary, cashier, treasurer, or director, of GNB and had no express authority to receive service of process on behalf of the bank. Thus, the question for our determination is whether, based upon his background and employment responsibilities, Corbett may be deemed an *implied* agent of GNB for service of process.

At the time the garnishment papers were served upon him, Corbett had been employed by the bank for two years and held the position of loan officer *trainee*, having been promoted from management trainee. His duties included interviewing loan applicants and recommending approval or disapproval of loan applications, but he had no authority to close loans. When in the bank doing business, he was authorized to receive loan payments from clients which he would take to a teller to be deposited and recorded. As a trainee, Corbett carried out his responsibilities under the instruction and supervision of GNB officials, his primary supervisor being the branch manager, Kenneth Faulkner.

In January 1983, GNB had approximately 17 employees in its principal office where Corbett worked. Corbett did not supervise any employees and held no power to act for the bank officially. Only officers of the bank were authorized to receive legal process for GNB, and, as standard policy and practice, there was always an officer in the building during business hours.

Corbett did not communicate to any officer of GNB that the papers had been served upon him, and GNB officials did not learn of the proceeding until 1985, following the denial of Higgins' first motion for a conditional judgment.

C

Applying the standard set forth in *Bouchelle* to these facts, we conclude that the power to receive service of process for GNB may not reasonably and fairly be implied from the extent of the authority given to and exercised by Corbett in January 1983. Unlike the person served in *Bouchelle*, Corbett had no discretion and control with respect to corporate business, had no official or supervisory powers, conducted his duties of employment wholly under the supervision of GNB officials, and was not left in charge of the office on the day the papers were served or any other day. Further, there was no evidence that Corbett had significant business experience or any specific experience with garnishment proceedings. Moreover, Corbett did not, in fact, communicate to his employer that the papers had been served on him.

In addition, we reject Higgins' contention that Corbett may be deemed a "local agent" pursuant to N.C. Gen. Stat. Sec. 1-440.26(c) because he "received" or "collected" money on behalf of GNB. In our view, Corbett's limited authority to accept a loan payment check from a bank client and carry it to a teller for deposit under the supervision of the branch manager does not constitute "receiving or collecting money on behalf of a corporation" within the meaning of the statute. *Cf., Mauney v. Luzier's, Inc.*, 212 N.C. 634, 194 S.E. 323 (1937) (former statute refers to agent who is employed regularly in making collections for goods sold).

For these reasons, we hold that Corbett was not an agent expressly or impliedly authorized to receive process on behalf of GNB and that service upon him was invalid under N.C. Gen. Stat. Sec. 1-440.26. Accordingly, the judgment against the garnishee,

GNB, is reversed. GNB raises two other issues on appeal which, in view of our disposition of the service of process question, we need not address.

Reversed.

Chief Judge HEDRICK and Judge SMITH concur.