LARRY HIGGINS v. SAMUEL DAVID SIMMONS AND GREENSBORO NA-
TIONAL BANK, GARNISHEE

No. 147PA88

(Filed 9 February 1989)

**1. Garnishment § 2.1 — service of attachment upon loan officer trainee — sufficient**

A bank was properly served with attachment papers in a garnishment ac-
tion in accordance with N.C.G.S. § 1-440.26 where the papers were delivered
to a loan officer trainee and where the trial court found that the trainee's
duties included the collecting of loan payments on the bank's behalf, that find-
ing was supported by testimony, and N.C.G.S. § 1-440.26(c) plainly states that
one who collects money on behalf of a corporation is deemed to be a local
agent of the corporation.

**2. Garnishment § 1 — garnishment of account containing workers' compensation —
permissible**

The Supreme Court rejected a garnishee bank's contention that N.C.G.S.
§ 97-21 prohibits the court from allowing garnishment of an account into which
the proceeds of a workers' compensation claim have been deposited because
the bank failed to present this issue to the trial court; the garnishee bank has
no standing to enforce the right of its depositor under the Workers' Compen-
sation Act; and plaintiff sought to attach compensation proceeds that had been
deposited into a general account with the garnishee bank rather than a claim
for compensation.

Justice FRYE did not participate in the consideration or decision of this
case.

ON plaintiff's petition for discretionary review of a decision
of the Court of Appeals, 89 N.C. App. 61, 365 S.E. 2d 187 (1988),
reversing judgment entered by *John, J.*, at the 4 May 1987 ses-
sion of Superior Court, GUILFORD County. Heard in the Supreme
Court 14 December 1988.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by
Marion G. Follin III, for plaintiff-appellant.*

*Barbee, Johnson & Glenn, by Ronald Barbee, for garnishee-
appellee.*

MARTIN, Justice.

[1] The issue underlying this appeal is whether the bank's loan
officer trainee was an agent for the purpose of serving attach-
ment papers upon the garnishee bank in accordance with N.C.G.S.

§ 1-440.26. Based upon a straightforward reading of this statute as applied to the facts in this case, we find that the loan officer was the bank's agent and therefore the bank was properly served.

Plaintiff filed a complaint 14 January 1983, alleging a debt of $4,200 owed to him by defendant. Attachment proceedings were initiated concurrently, culminating in the service three days later of a summons to garnishee and notice of levy on Greensboro National Bank. Garnishee bank, which failed to respond to the summons, later filed a motion to dismiss the attachment and garnishment proceedings on the grounds that the process had not been properly served because it had been delivered to an employee who lacked the authority to accept service on behalf of the bank. The trial court denied the bank's motion to dismiss, stating among its findings of fact that garnishment papers had been served upon Calvin L. Corbett, a loan officer trainee at garnishee bank, whose duties at the time of service included discussing loan applications with applicants, reviewing loan applications, recommending approval or disapproval of loan applications, and collecting loan payments on the bank's behalf. The trial court cited these facts in support of its conclusion that Corbett was an agent of the bank.

The Court of Appeals examined Corbett's role as a loan officer in the context of N.C.G.S. § 1-440.26, which governs service of process in garnishment proceedings against corporate garnishees. That statute states, in pertinent part, that when the garnishee is a domestic corporation, garnishment process "may be delivered to the president or other head, secretary, cashier, treasurer, director, managing agent or local agent of the corporation." N.C.G.S. § 1-440.26(a) (1983). The statute specifically provides some guidance as to who may be considered a local agent for purposes of service of process: "A person receiving or collecting money within this State on behalf of a corporation is deemed to be a local agent of the corporation for the purpose of this section." N.C.G.S. § 1-440.26(c) (1983). The Court of Appeals concluded that Corbett's "limited authority to accept a loan payment check from a bank client and carry it to a teller for deposit under the supervision of the branch manager [did] not constitute 'receiving or collecting money on behalf of a corporation' within the

meaning of the statute." *Higgins v. Simmons*, 89 N.C. App. 61, 66, 365 S.E. 2d 187, 190 (1988).

The Court of Appeals then analyzed Corbett's employment in the context of *Carolina Paper Co. v. Bouchelle*, 285 N.C. 56, 203 S.E. 2d 1 (1974). In *Bouchelle* this Court did not apply N.C.G.S. § 1-401.26(c) (an employee who receives or collects money for his employer is its agent for purposes of service of process) but examined that issue only within the limited context of N.C.G.S. § 1-401.26(a). The Court of Appeals determined that, unlike the agent in *Bouchelle*, "Corbett had no discretion and control with respect to corporate business, had no official or supervisory powers, conducted his duties of employment wholly under the supervision of [bank] officials, and was not left in charge of the office on the day the papers were served or any other day." 89 N.C. App. at 66, 365 S.E. 2d at 189. The Court of Appeals concluded that the garnishment papers had not been properly served upon the garnishee bank and reversed the judgment of the trial court against the bank.

The Court of Appeals erred in relying upon *Bouchelle* and in holding consequently that the garnishee bank was not properly served. Under the facts of this case, we find *Bouchelle* inapposite. N.C.G.S. § 1-440.26(c) plainly states that one who collects money on behalf of a corporation is deemed to be a local agent of the corporation. This language is "intelligible without any additional words." *State v. Camp*, 286 N.C. 148, 151, 209 S.E. 2d 754, 756 (1974). Even so, the same language in the predecessor statute was restated with unmistakable clarity in *Copland v. Telegraph Co.*, 136 N.C. 11, 12, 48 S.E. 501, 501 (1904): "The authority to receive money, of itself, constitutes the one so authorized a local agent." In the case sub judice this express statute controls. The trial court found that Corbett's duties included the collecting of loan payments on the bank's behalf. This finding was supported in the record by the testimony of the bank's president and chief executive officer, which included the acknowledgment that Corbett "did have authority to collect money on behalf of the bank."

Where supported by competent evidence, the trial court's findings of fact are conclusive on appeal. *Lumbee River Elec. Membership Corp. v. City of Fayetteville*, 309 N.C. 726, 309 S.E. 2d 209 (1983). We conclude that the record not only supports the

trial court's findings, but that it describes Corbett's duties at the bank in the precise terms of the statute.

[2] Garnishee bank raised for the first time before the Court of Appeals the additional issue of whether the prohibition in N.C.G.S. § 97-21 against the assignment of workers' compensation claims likewise prohibits the court from allowing garnishment of an account into which the proceeds of a workers' compensation claim have been deposited. This defense must fail for these reasons:

First, "review [of an appeal] in the Supreme Court is limited to consideration of the questions stated in the . . . petition for discretionary review . . . and *properly* presented in the new briefs required by Rules 14(d)(1) and 15(g)(2)." N.C.R. App. P. 16(a) (effective 1 September 1988) (emphasis added). Because a contention not made in the court below may not be raised for the first time on appeal, *Plemmer v. Matthewson*, 281 N.C. 722, 190 S.E. 2d 204 (1972), the bank's contention was not *properly* presented to the Court of Appeals for review and is therefore not properly before this Court. Although the bank had ample opportunity to present this issue to the trial court, it failed to do so. The record on appeal contains no assignment of error based upon this argument. A party may not exchange his trial horse for what he perceives to be a steadier mount on appeal. *State v. Benson*, 323 N.C. 318, 372 S.E. 2d 517 (1988).

Second, the garnishee bank has no standing to enforce this right of its depositor under the Workers' Compensation Act. "Standing typically refers to the question of whether a particular litigant is a proper party to assert a legal position. Standing carries with it the connotation that someone has a right; but, quaere, is the party before the court the appropriate one to assert the right in question." *State v. Labor and Indus. Review Comm'n*, 136 Wis. 2d 281, 287 n.2, 401 N.W. 2d 585, 588 n.2 (1987). As the personal character of compensation payments has resulted in their being made nonassignable by statute, *see* 2 A. Larson, *The Law of Workmen's Compensation* § 58.46 (1987), it follows that the prohibition against assignment is similarly personal to the employee or to those with a statutory right to assert his compensation claim. *See, e.g.*, N.C.G.S. § 97-10.2 (1985).

[W]orker's compensation benefits derive solely from legislative enactments. Those enactments create new rights; only if rights and benefits are specifically conferred by the worker's compensation act can it be said that they exist. . . . [T]he quasi-contractual status of the worker in relation to the employer is the result of a legislatively imposed social compact by which an employee acquires rights not recognized by the common law and the employer and its insurer are subject to only limited or scheduled liability. Only rights expressly conferred and liabilities expressly imposed are contemplated by the legislative intent of the compensation act.

*State v. Labor and Indus. Review Comm'n*, 136 Wis. 2d at 286-87, 401 N.W. 2d at 588. The Workers' Compensation Act of North Carolina does not confer upon a garnishee bank the right to rely upon the exemption statute, N.C.G.S. § 97-21. In the absence of express statutory authority, a garnishee bank has no such right.

Third, plaintiff does not seek to attach a *claim* for compensation, but seeks to attach compensation proceeds that defendant had deposited in a general account with the garnishee bank. Once the proceeds from a compensation claim have been deposited in a bank, they become indistinguishable from other funds on deposit. "When [the claimant] elects to part with the money the exemption ceases. It neither follows the money into the hands of the person to whom it is paid, nor attaches to the newly acquired property." *Merchants Bank v. Weaver*, 213 N.C. 767, 769-70, 197 S.E. 551, 553 (1938). Because defendant had deposited the proceeds of the claim with the garnishee bank, the proceeds were no longer protected by the exemption statute.

We hold that the bank was properly served in accordance with N.C.G.S. § 1-440.26. The decision of the Court of Appeals is

Reversed.

Justice FRYE did not participate in the consideration or decision of this case.