DILLON, Judge, concurring.
I concur but write separately to address the dissent's issue with the State's failure to preserve its appellate argument.
*19 Defendant was convicted of possessing a firearm which was discovered during a stop. At the suppression hearing below, the State's sole argument was that the stop itself was lawful, and, therefore, the firearm was admissible.
During the suppression hearing, the State also offered evidence, which the trial court found credible, that during the stop Defendant pulled the concealed firearm, pointed it at the officer and pulled the trigger. I agree with the majority that this intervening event makes the gun admissible. Though the State failed to make this "winning" argument at the suppression hearing, the trial court denied Defendant's motion.
The dissent is based, in large part, on a view that the State, as the appellee , should be prohibited just like Defendant, as the appellant , from making any legal argument on appeal that it failed to make at the suppression hearing. Indeed, it is axiomatic that an appellant cannot "swap horses" by making a new argument on appeal that was not made before the trial court in order to get a "better mount." Weil v. Herring , 207 N.C. 6, 10, 175 S.E. 836, 838 (1934).
Rule 10 of our appellate rules allows an appellee to propose "alternative bas[e]s in law for supporting the judgment" in addition to the basis relied upon by the trial court. However, Rule 10 states that such alternative bases that the appellee desires to raise on appeal must have been "properly preserved [.]" N.C. R. App. P. 10(c).
So based on Rule 10 one could argue that the State, as the appellee, should be limited, just like Defendant-appellant, to the arguments it made at the suppression hearing. Had the State lost, the State (as the appellant ) would be allowed on appeal to make only the losing argument that it made before the trial court. And, therefore, the State should not be allowed to make the winning argument in this case simply because it won at the trial court based on a losing argument. That is, the State did not "properly preserve" (as required by Rule 10 ) the winning argument. See Higgins v. Simmons , 324 N.C. 100, 103, 376 S.E.2d 449, 452 (1989) ("Because a contention not made in the court below may not be raised for the first time on appeal, the ... contention [by the party seeking to raise that issue on appeal] was no properly presented to the Court of Appeals for review[.]")
However, one could argue that an appellate court may consider any basis which supports the trial court's correct result, even if the basis was not relied upon by the trial court or argued by the parties. This view is based on Supreme Court's jurisprudence suggesting that our role as an appellate court is simply to determine whether the trial court got it right based on its findings, even if the reasoning may be faulty. See, e.g., State v. Bone , 354 N.C. 1, 8, 550 S.E.2d 482, 486 (2001) ("The crucial inquiry for this Court is admissibility and whether the ultimate ruling was supported by the evidence.") And here, the State did present evidence, which the trial court did find credible, to support the winning argument, namely the trial court found that Defendant attempted to shoot the officer. Based on this argument, we should simply affirm the order of the trial court.
But presuming that Rule 10 does prevent the State from arguing (and our Court from considering) the "winning" argument, I concur with the majority's invocation of Rule 2 to consider the winning argument. I believe that this matter involves "exceptional circumstance [and] significant issues of importance in the public interest" and in my discretion, I conclude that the invocation of Rule 2 is necessary "to prevent injustice." State v. Campbell , --- N.C. ----, ---- - ----, 799 S.E.2d 600, 602 (2017). It is a matter of public interest that private citizens illegally carrying concealed weapons not be excused from assaulting an officer simply because the officer may have erred in determining that reasonable suspicion existed to justify a stop, where the officer was not otherwise assaultive in his behavior. I note that Defendant is not prejudiced by the State's failure to make the winning argument at the suppression hearing. Indeed, the State put on evidence at the suppression hearing that Defendant assaulted the officer during the stop, and Defendant had the opportunity to rebut the State's evidence regarding Defendant's assaultive behavior. And there is no winning argument which Defendant's counsel could *20 have made to justify the exclusion of the firearm where it was found that Defendant used it to assault the officer.
Therefore, I concur.