IN THE SUPREME COURT OF NORTH CAROLINA

No. 1PA19

Filed 28 February 2020

TERESSA B. ROUSE, Petitioner

v.

FORSYTH COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 822 S.E.2d 100 (N.C. Ct. App. 2018), affirming, in part, and vacating, in part, a final decision entered on 18 April 2017 by Administrative Law Judge J. Randall May in the Office of Administrative Hearings. Heard in the Supreme Court on 10 December 2019.

> *Elliot Morgan Parsonage, PLLC, by Benjamin P. Winikoff, Robert M. Elliot, and J. Griffin Morgan, for petitioner-appellant.*
>
> *Office of Forsyth County Attorney, by Assistant County Attorney Gloria L. Woods, for respondent-appellee.*
>
> *Tin Fulton Walker & Owen, PLLC, by John W. Gresham, and Edelstein & Payne, by M. Travis Payne, for North Carolina Advocates for Justice, amicus curiae.*

ERVIN, Justice.

This case presents the question of whether an administrative law judge has the authority to award back pay and attorneys' fees to local government employees protected under the North Carolina Human Resources Act who prevail in a wrongful

termination proceeding before the Office of Administrative Hearings. In view of the fact that N.C.G.S. § 126-34.02 explicitly provides that an administrative law judge has the authority to award back pay and attorneys' fees to any protected state and local government employee, we reverse the Court of Appeals' decision to the contrary and remand this case to the Court of Appeals for further proceedings not inconsistent with this opinion.

Petitioner Teressa B. Rouse worked for respondent Forsyth County Department of Social Services for nineteen years, with her most recent employment being as a Senior Social Worker working in the After Hours Unit, where her job duties included receiving and screening juvenile abuse, neglect, and dependency reports. On 20 June 2016, Ms. Rouse met a father, who was accompanied by his son, who claimed to be homeless, and who inquired about the possibility that his son might be placed in foster care. After Ms. Rouse explained the circumstances under which the son could be placed in foster care, the father declined to pursue that option any further.

Upon making this decision, the father contacted the son's mother using Ms. Rouse's phone and learned that the mother did not want her son to live in her home. While speaking with Ms. Rouse, the mother explained her refusal to provide a home for the son by stating that the son had previously molested her daughters. Upon receiving this information, Ms. Rouse questioned the mother concerning whether she had filed a report or contacted law enforcement officers about the son's alleged conduct and received a negative response. Subsequently, the mother recanted her

allegation against the son, stating that she did not say that her son had molested her daughters and that she had only meant to say that the son had "tendencies." In addition, the father and the son each denied the mother's allegation. Ultimately, Ms. Rouse concluded that the mother's initial statement was not entitled to any credence and that there was no basis for believing that any sexual abuse had actually occurred.

After the mother promised to give the son's housing situation further thought, the father contacted the child's paternal grandmother and made arrangements for her to house the son that night. On the following day, the mother contacted Ms. Rouse and agreed to allow the son to stay at her residence. Ms. Rouse took no further action with respect to the mother's initial allegation that the son had sexually abused her daughters.

In mid-July 2016, the Forsyth County DSS received a request for assistance from the Wilkes County Department of Social Services arising from a 16 July 2016 allegation that the son had sexually molested his sisters. On 22 September 2016, the Department dismissed Ms. Rouse from its employment on the grounds that her alleged mishandling of the mother's allegation that the son had sexually abused her daughters provided just cause for the termination of Ms. Rouse's employment based upon grossly inefficient job performance and unacceptable personal conduct.

On 21 October 2016, Ms. Rouse filed a contested case petition with the Office of Administrative Hearings in which she alleged that the Department had (1) failed to follow the proper procedures prior to making the dismissal decision, (2) failed to

follow the proper procedures in dismissing her from its employment, and (3) dismissed her from its employment without just cause. An evidentiary hearing was held in this case on 31 January 2017 before the administrative law judge. On 18 April 2017, the administrative law judge entered an order reversing the Department's decision to terminate Ms. Rouse's employment on the grounds that the Department had violated Ms. Rouse's procedural rights and lacked just cause to dismiss Ms. Rouse from its employment. In light of this decision, the administrative law judge ordered the Department to reinstate Ms. Rouse "to her position as Senior Social Worker, or comparable position . . . with all applicable back pay and benefits" and to pay Ms. Rouse's attorneys' fees. The Department noted an appeal to the Court of Appeals from the administrative law judge's order.

In seeking relief from the administrative law judge's order before the Court of Appeals, the Department contended that the administrative law judge had erred by concluding that it had violated Ms. Rouse's procedural rights and lacked the just cause necessary to support the decision to dismiss Ms. Rouse from its employment and by awarding Ms. Rouse back pay and attorneys' fees. On 6 November 2018, the Court of Appeals filed an opinion affirming the administrative law judge's decision, in part, and vacating that decision, in part. *Rouse v. Forsyth Cty. Dep't of Soc. Servs.*, 822 S.E.2d 100, 113 (N.C. Ct. App. 2018). As an initial matter, the Court of Appeals upheld the administrative law judge's decision to overturn the Department's dismissal decision on the grounds that the record developed before the administrative

law judge "provided substantial evidence to support [its] findings of fact and the conclusions of law" that Ms. Rouse had not engaged in grossly inefficient job performance or unacceptable personal conduct *Id.* at 102. On the other hand, acting in reliance upon its prior decision in *Watlington v. Dep't of Soc. Servs. Rockingham Cty.*, 252 N.C. App. 512, 799 S.E.2d 396 (2017), the Court of Appeals concluded that the administrative law judge lacked the authority to award back pay and attorneys' fees to Ms. Rouse on the grounds that the administrative regulations contained in Title 25, Subchapter I, of the North Carolina Administrative Code and the statutory provisions embodied in N.C.G.S. § 150B-33(b)(11) did not provide for the making of such awards for local government employees wrongfully discharged in violation of the North Carolina Human Resources Act. *Rouse*, 822 S.E.2d at 113. On 10 May 2019, this Court allowed Ms. Rouse's request for discretionary review of that portion of the Court of Appeals' decision holding that the administrative law judge lacked the authority to award her back pay and attorneys' fees.[1]

In seeking to persuade us to overturn the Court of Appeals' decision with respect to the backpay and attorneys' fees issue, Ms. Rouse points out that, in accordance with N.C.G.S. § 126-5(a), employees of local departments of social services

---

[1] Although this Court denied the Department's request for discretionary review of the Court of Appeals' decision to uphold the administrative law judge's decision that Ms. Rouse had been wrongfully dismissed, the Department devoted a substantial portion of its brief before this Court to an argument that the administrative law judge had reached the wrong result with respect to the wrongful discharge issue. Needless to say, the wrongful discharge issue is not before this Court, *see* N.C.R. App. P. 16(a), so we decline to address that issue any further in this opinion.

are protected under the relevant provisions of the North Carolina Human Resources Act. According to Ms. Rouse, N.C.G.S. § 126-34.02(a)(3) authorizes an administrative law judge who determines that a protected employee has been unlawfully discharged to "[d]irect other suitable action to correct the abuse which may include the requirement of *payment for any loss of salary* which has resulted from the improper action of the appointing authority." As a result, Ms. Rouse argues that "the same statute that authorized the [administrative law judge] to reinstate [Ms.] Rouse authorized the [administrative law judge] to award backpay as payment for her two-year loss of salary," with the absence of any administrative rule authorizing an award of backpay having "no effect on the statutory mandate of N.C.[G.S.] § 126-34.02, which provided the authority to [the administrative law judge] to grant [Ms.] Rouse the remedies of payment for loss of salary and attorneys' fees." As a result, for this and other reasons, Ms. Rouse urges us to reinstate the administrative law judge's backpay award.

Similarly, Ms. Rouse argues that N.C.G.S. § 126-34.02(e) "permits an award of attorneys' fees to *all* employees subject to the [North Carolina Human Resources Act], including local government employees." According to Ms. Rouse, the Court of Appeals' focus upon the absence of any language in N.C.G.S. § 150B-33(b)(11) authorizing attorneys' fee awards to unlawfully discharged local government employees "ignor[es] the explicit mandate of N.C.[G.S.] § 126-34.02 and fail[s] to reconcile the two statutes [so as] to give effect to both." For that reason, Ms. Rouse

contends that the Court of Appeals erred by setting aside the administrative law judge's attorneys' fee award as well.

The Department, on the other hand, argues that personnel actions involving State employees are governed by Subchapter J of Title 25 of the North Carolina Administrative Code, while personnel actions involving local government employees are subject to Subchapter I. As a result of the fact that the regulation authorizing back pay awards to local government employees expired on 1 November 2014, "[n]o remedies were set out in the amendments for local government employees at the time of the decision in this matter." According to the Department, "[t]he application of 25 [N.C. Admin. Code] Subchapter 01I exclusively to local government employees for rights and remedies was settled before the [administrative law judge] decision in this case" in *Watlington*, with there being "a host of other [ ] provisions" of the North Carolina Human Resources Act that are limited to state employees and with there being "no express statutory provision under the [North Carolina Human Resources Act] or regulatory provisions at the time of the decision in this matter which specifically authorizes an award of attorneys' fees to local government employees effective as of [Ms. Rouse's] dismissal." In view of the fact that the Court of Appeals held in *Watlington* "that it was erroneous to award backpay and attorneys' fees to a local government employee under 25 [N.C. Admin. Code] Subchapter J at the time of the decision[,]" the Department also argues that "it was [also] error for the

[administrative law judge] just a few days later . . . to apply Subchapter 01J to this matter and award back pay and attorneys' fees."

The General Assembly enacted the North Carolina Human Resources Act "to establish for the government of the State a system of personnel administration under the Governor, based on accepted principles of personnel administration and applying the best methods as evolved in government and industry." N.C.G.S. § 126-1 (2019). The North Carolina Human Resources Act applies to all State employees that are not exempted from its coverage and to the employees of certain local entities, including local departments of social services. *Id.* § 126-5(a)(1), (2)(b). According to N.C.G.S. § 126-34.02(a), once an agency whose employees are protected by the North Carolina Human Resources Act makes a final decision to terminate a protected employee[2] from its employment, the adversely affected employee "may file a contested case in the Office of Administrative Hearings under Article 3 of Chapter 150B of the General Statutes," *id.* § 126-34.02(a), and may seek relief from the agency's termination decision on the grounds "that he or she was dismissed, demoted, or suspended for disciplinary reasons without just cause." *Id.* § 126-34.02(b)(3). In the event that the administrative law judge upholds the validity of the employee's challenge to his or her dismissal, demotion, or suspension, it may:

> (1) Reinstate any employee to the position from which the employee has been removed.

---

[2] The Department does not contend that Ms. Rouse is not a protected employee for purposes of the North Carolina Human Resources Act.

> (2)    Order the employment, promotion, transfer, or salary adjustment of any individual to whom it has been wrongfully denied.
>
> (3)    Direct other suitable action to correct the abuse which may include the requirement of payment for any loss of salary which has resulted from the improper action of the appointing authority.

*Id.* § 126-34.02(a).  In addition, an administrative law judge "may award attorneys' fees to an employee where reinstatement or back pay is ordered."  *Id.* § 126-34.02(e).  As a result, an administrative law judge who has determined that a protected employee has been discharged from his or her employment by a covered agency without just cause is statutorily authorized to award back pay and attorneys' fees to the wrongfully discharged employee.

In holding that the administrative law judge lacked the authority to award back pay to Ms. Rouse after determining that she had been wrongfully discharged from the Department's employment, the Court of Appeals began by pointing out that Ms. Rouse was a local government, rather than a state, employee and that Subchapter I of Title 25 of the North Carolina Administrative Code contained no provision authorizing an award of back pay to wrongfully discharged local government employees.  *Rouse*, 822 S.E.2d at 113 (noting that the Court of Appeals "has held that Title 25's Subchapter J applies to State employees, while Subchapter I applies to local government employees" (citing *Watlington*, 252 N.C. App. at 523,

799 S.E.2d at 403)).[3]  In view of the fact that nothing in Subchapter I of Title 25 of the North Carolina Administrative Code mentioned the availability of backpay awards to wrongfully discharged local government employees, the Court of Appeals concluded that backpay was not one of the remedies to which such wrongfully discharged employees might be entitled.  *Id.*; *see also Watlington*, 252 N.C. App. at 526, 799 S.E.2d 404.  As a result, as was the case in *Watlington*, the Court of Appeals concluded that the administrative law judge lacked the authority to award back pay to Ms. Rouse despite the fact that she had been wrongfully discharged from the Department's employment.  *Rouse*, 822 S.E.2d at 113.

---

[3] Prior to 30 November 2014, Title 25, Subchapter B of the North Carolina Administrative Code provided for backpay awards in appeals by allegedly aggrieved state and protected local government employees to the State Personnel Commission, 25 N.C. Admin. Code 1B.0421 (2014), which served as the factfinding body in public employee wrongful discharge cases at that time.  *See* N.C.G.S. § 126-37 (2009) (repealed 2013).  This provision of Title 25, Subchapter B expired on 30 November 2014, 25 N.C. Admin. Code 1B.0421 (Supp. Jan. 2015), with no replacement regulation applicable to protected local government employees ever having been adopted.  In 2011, the General Assembly amended N.C.G.S. § 126-37 to provide that the Office of Administrative Hearings, rather than the State Personnel Commission, would have factfinding authority in cases involving alleged wrongful dismissals and other prohibited adverse personnel actions directed to protected state and local employees.  Act of June 18, 2011, S.L. 2011-398, § 44, 2011 N.C. Sess. Laws 1678, 1693–94.  In 2013, the General Assembly repealed N.C.G.S. § 126-37 and replaced it with N.C.G.S. § 126-34.02, while continuing to assign factfinding responsibility to the Office of Administrative Hearings rather than reassigning it to the Human Resources Commission.  Act of July 25, 2013, S.L. 2013–382, § 6.1, 2013 N.C. Sess. Laws 1559, 1564–70.  The Human Resources Commission's failure to replace 25 N.C. Admin. Code 1B.0421 with an equivalent provision applicable to protected local government employees following its expiration resulted in the absence of any regulation specifically authorizing the making of backpay awards to unlawfully discharged local government employees upon which the Court of Appeals relied in *Watlington*.  *See Watlington*, 252 N.C. App. 526, 799 S.E.2d at 404.

The Court of Appeals' determination that the absence of any regulatory provision authorizing an award of back pay to an unlawfully discharged local government employee precludes the making of such an award in spite of the fact that the relevant statutory provisions clearly authorize the making of such an award rests upon a fundamental misapprehension of the relative importance of statutory provisions and administrative regulations. Simply put, the absence of an implementing regulation has no bearing upon the extent to which a statutory remedy is available to a successful litigant. On the contrary, "[w]hatever force and effect a rule or regulation has is derived entirely from the statute under which it is enacted." *Swaney v. Peden Steel Co.*, 259 N.C. 531, 542, 131 S.E.2d 601, 609 (1963) (ellipsis omitted) (citation omitted). For that reason, the Court of Appeals has long recognized that "[a]n administrative agency has no power to promulgate rules and regulations which alter or add to the law it was set up to administer or which have the effect of substantive law." *State of North Carolina ex rel. Comm'r of Ins. v. Integon Life Ins. Co.*, 28 N.C. App. 7, 11, 220 S.E.2d 409, 412 (1975) (citations omitted). Similarly, in the absence of legislative language making the effectiveness of a particular statutory provision contingent upon the promulgation of related administrative regulations, the fact that the provisions of a properly enacted statute are not mirrored in the related administrative regulations has no bearing upon the extent to which the relevant statutory provision is entitled to be given full force and effect. As a result, given that Ms. Rouse was a protected employee for purposes of the North Carolina

Human Resources Act,[4] the fact that an administrative law judge is explicitly authorized by N.C.G.S. § 126-34.02(a)(3) to award backpay to a wrongfully discharged state or local government employee conclusively resolves the issue of whether the administrative law judge had the authority to require that Ms. Rouse receive backpay.

Similarly, the Court of Appeals failed to rely upon the relevant statutory provision in determining that the administrative law judge lacked the authority to require the Department to pay attorneys' fees to Ms. Rouse. To be sure, N.C.G.S. § 150B-33(b)(11) provides that "[a]n administrative law judge may . . . [o]rder the assessment of reasonable attorneys' fees . . . against the *State agency* involved in contested cases decided . . . under Chapter 126 where the administrative law judge finds discrimination, harassment, or orders reinstatement or back pay." N.C.G.S. § 150B-33(b)(11) (2019) (emphasis added). Although section 150B-33(b)(11) does not, as the Court of Appeals noted, provide for an award of attorneys' fees to unlawfully discharged local employees, the absence of any reference to such an attorneys' fee award in that statutory provision has no bearing upon the proper resolution of the

---

[4] On 1 July 2018, the Forsyth County Board of Commissioners approved the creation of a consolidated human services agency that combined the existing Forsyth County social services and public health departments. *See* Fran Daniel, *Forsyth County Commissioners Vote to Consolidate DSS and Public Health Departments*, Winston-Salem J., (June 21, 2018), https://perma.cc/MK52-Q97C. Although the North Carolina Human Resources Act does not provide any protections to the employees of such a consolidated human services agency, *see* N.C.G.S. § 126-5(a)(2) (2019), Ms. Rouse was never employed by the consolidated human services agency and retained her rights as an employee of a county department of social services at the time of her termination from the Department's employment.

issue of whether the administrative law judge had the authority to award attorneys' fees to Ms. Rouse given that, as we have already noted, N.C.G.S. § 126-34.02(e) expressly authorizes an administrative law judge to "award attorneys' fees to an employee where reinstatement or back pay is ordered." *Id.* § 126-34.02(e). In other words, the fact that N.C.G.S. § 150B-33(b)(11) makes no reference to the making of an attorneys' fee award to a wrongfully discharged local government employee has no bearing upon the issue of whether such an award is authorized for unlawfully discharged local government employees by N.C.G.S. § 126-34.02(e).

Thus, for the reasons set forth in more detail above, the administrative law judge had ample, express statutory authority to award back pay and attorneys' fees to Ms. Rouse. The fact that such remedies are not provided for in Subchapter I of Title 25 of the North Carolina Administrative Code or authorized by N.C.G.S. § 150B-33(b)(11) provides no basis for the decisions reached by the Court of Appeals in this case and in *Watlington*, the relevant portions of which we expressly overrule. As a result, the Court of Appeals' decision to invalidate the administrative law judge's decision to award back pay and attorneys' fees to Ms. Rouse is reversed and this case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.[5]

---

[5] In its brief to this Court, the Department argued that the administrative law judge had failed to make certain required findings of fact prior to awarding attorneys' fees to Ms. Rouse, citing *Hunt v. Dep't of Pub. Safety*, 817 S.E.2d 257 (N.C. Ct. App. 2018). The Department did not, however, advance this argument before the Court of Appeals or seek to present it for our consideration in its discretionary review petition. As a result, we decline

REVERSED AND REMANDED.

---

to entertain this argument and will not address it further. *See Higgins v. Simmons*, 324 N.C. 100, 103, 376 S.E.2d 449, 452 (1989) (stating that "a contention not made in the court below may not be raised for the first time on appeal"); *see also* N.C.R. App. P. 10(a)(1), 16(a).